ALBERT BOEHM, Appellant, *against* MAYER RICH, Respondent.

(Decided March 13th, 1885).

In a summary proceeding by a landlord to recover from the tenant possession of the demised premises for non-payment of the rent, which, by the terms of the lease, was payable in advance, on the first day of each and every month, the summons was issued and served on the second day of June, 1884, for non-payment of rent for that month; and the tenant, in compliance with the summons, and before the return day, removed from

the premises. *Held*, that this constituted a surrender by the tenant and acceptance by the landlord of the premises; and that, the first day of the month being Sunday, and the tenant having therefore until midnight of the second day to pay the rent, he was not in default when the summons issued, and was not liable for the rent for that month.

APPEAL from a judgment of the district court in the City of New York for the Eighth Judicial District.

The facts are stated in the opinion.

*C. Fine*, for appellant.

*J. L. Lindsay*, for respondent.

CHARLES P. DALY, Chief Justice.—The conclusion of the justice, I presume, upon the facts submitted to him, was that it appeared by the statement, that there had been, on the part of the tenant and the landlord, a surrender and acceptance of the premises; which conclusion, I think, was correct. The issuing, in summary proceedings, of a warrant, for the removal of a tenant, puts an end to the lease, so far as respects any future obligations of either party under it, but does not discharge the rent that was, at that time, due and payable (*Johnson* v. *Oppenheim*, 55 N. Y. 293, 294; Code Civ. Pro. § 2253). And where the landlord sues out a summons, as was done in this case, commanding the tenant forthwith to remove from the premises, or show cause, before the justice, at a time fixed in the summons, why the premises should not be delivered up to the landlord; and the tenant, in compliance with the summons, removes as he is commanded by it to do, it is a surrender and acceptance of the premises. The continuation of the summary proceedings by the landlord is not necessary in such a case, as the tenant does voluntarily what the summary proceedings were instituted to compel him to do. The rule is that any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume possession of the demised premises, amount to a

surrender, by operation of law (*Talbot* v. *Whipple*, 14 Allen [Mass.] 177) which was the case here; and the tenant having obeyed the summons and removed from the premises before the return day, he could, on that day, have appeared before the justice, shown the fact of his removal, and then no warrant could have been issued (*Brown* v. *The Mayor &c. of New York*, 66 N. Y. 390, 391).

But although there was a surrender by the tenant's removing, as he was commanded to do in the summons, it would not, I have said, relieve him from the payment of rent, if any was then due. But there had been no default in the payment of the rent, when the summary proceedings were instituted. They were instituted for the non-payment of the rent for the month of June, 1884, which by the terms of the lease was payable in advance, on the first day of each and every month. The summons by which the proceeding was commenced was obtained and served on the 2d of June; but there had been then no default in the payment of the rent for the month of June. The first of June in 1884, was upon Sunday, and the tenant consequently had the whole of the next day—Monday, the 2d of June—until midnight on that day, within which to pay it (*Salter* v. *Burt*, 20 Wend. 205; *Avery* v. *Stewart*, 2 Conn. 69; *Campbell* v. *Internat. Life Ass. Soc.*, 4 Bosw. 319; Taylor's Landlord & Tenant 5th ed. 288, § 391). The summons, therefore, was issued before there was any default in the payment of the rent for the month of June, and as the tenant, in conformity with the command in it, to remove from the premises, did so upon the day following, and two days before the summons was returnable, he could not be charged with the payment of rent for the use of the premises for the month of June, which from his acquiescing in the landlord's request, he was not to enjoy.

The judgment should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed, with costs.