MAX GOEBEL, Respondent, v. SOPHIA IFFLA, Individually and as Trustee, etc., Defendant. LEO SCHLESINGER, Purchaser, Appellant.

F. died in 1853, leaving a widow and one son, who afterwards married and had one child. By his will F. devised his real estate to his wife, in trust, for the enjoyment of herself and his children during her life, remainder to his children, and in case they died without issue before his wife, then to the testator's brothers and sisters. The widow accepted the trust and, on notice to the testator's son, applied to the Supreme Court for authority to mortgage the real estate for the purpose of preserving and improving it. An order was made permitting the widow, as trustee, to borrow $900, and in that character to execute a bond and mortgage to secure its payment. The order declared that upon the execution and delivery of the mortgage it should be a first lien on the land, the same as if executed by F. in his lifetime, and "without regard to the persons who may or shall eventually become seized or possessed of any estate or interest in said land under said will." A mortgage was executed in conformance with the order, which purported to convey all the estate F. had in the land during his lifetime and all the estate of the widow, individually, and as trustee and beneficiary, and also of the devisees in and under the will. In an action to foreclose the mortgage, the trustee, the son, such of the brothers and sisters of the testator as were living, and the children of those who had died, were made defendants, and were alleged to "have or claim to have some interest in or lien upon the said mortgaged premises or some part thereof, because or by reason of the provisions of said will in the event of the death of the son of the testator," and his child and any other children born to him dying prior to the testator's widow. It was also alleged that such interest or lien was subsequent and subordinate to the lien of plaintiff's mortgage as would also be the rights and interests of said defendants if they accrued. The defendants were all duly served and judgment by default was entered, which directed a sale and that the surplus should be invested by the trustee, and upon the happening of the contingency mentioned in the will should pass to the devisee or persons entitled thereto pursuant to the provisions of the will. The purchaser at the foreclosure sale refused to complete his purchase on the ground that the expectant estate of the testator's brothers and sisters has not been divested, and in case of the death of his son without issue during his mother's life, the gift to them would take effect. In proceedings to compel said purchaser to complete his purchase, held, that all the parties in interest having been made parties to the foreclosure suit and thus given an opportunity to pay off the mortgage or defend against it, the judgment was final; that the purchaser

would acquire a good title and should be compelled to complete his purchase.

As to whether on an application made under the statute (Chap. 275, Laws of 1882, and chap. 26, Laws of 1884, amending part 2, chap. 1, tit. 2, art. 2 of the Revised Statutes " relating to uses and trusts ") by a trustee to mortgage real estate held by him for the purpose of raising funds to be applied in preserving or improving it, not only the interest of the trustee and beneficiaries of the trust, but also the rights and interests of those who may be entitled in remainder on the expiration of the trust, may be covered, *quære.*

While prior incumbrancers are neither necessary nor proper parties to an ordinary action of foreclosure, when made parties under the general allegation that they claim an interest " as subsequent purchaser, incumbrancer or otherwise," a decree will not affect them.

If facts upon which the plaintiff in a foreclosure suit relies to defeat a prior title are stated, the defendant whose title is thus assailed may demur to the complaint upon the ground that the plaintiff has no right to bring him into court to try his title in such an action.

Where, however, such facts are stated as will, if admitted, subject the title of a defendant to the plaintiff's mortgage and to the relief sought, and such defendant makes default or answers, and judgment goes against him, he will be estopped from afterwards setting up his interest as against the judgment, and what binds him in this respect cannot be questioned by any other persón.

(Submitted October 2, 1888; decided November 27, 1888.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 28, 1888, which reversed an order of Special Term denying the plaintiff's application and granted the application to compel Leo Schlesinger, the purchaser at a foreclosure sale therein to complete his purchase, and granted the application of said purchaser to be released from his purchase. (Reported below, 48 Hun, 21.)

Martin Ficken, senior, devised his real estate to Sophia, his wife, in trust for the enjoyment of herself and his children during her life, remainder to his children, but in case they died without issue before his wife, then to his brothers and sisters. He died in 1853, seized in fee of certain premises in the city of New York, and leaving Sophia, his wife, and one child, Martin Ficken, surviving. He afterwards married and had one child, Winona Ficken, a minor.

Sophia accepted the trust, and upon notice to Martin Ficken the son, applied to the Supreme Court for authority to raise money upon mortgage on the real estate above referred to, for the purpose of preserving and improving it. The court being satisfied of its necessity, made an order in pursuance of the application, and gave leave to her, as trustee, to borrow $900, and in that character execute her bond and mortgage to secure its repayment in one year from the date thereof, with interest. The court directed that the mortgage should contain appropriate reference to the will of the deceased, and declared that upon its execution and delivery it should be a first lien upon the land, and upon all estate, right, title and interest whatever therein, " with the same force and effect as if executed by the deceased in his lifetime, and without regard to the persons who may or shall eventually become seized or possessed of any estate or interest in said land under said will," and also provided for and directed the application of the moneys raised by said mortgage towards the preservation and improvement of the mortgaged premises.

Relying upon this order, and at the request of the trustee, the plaintiff loaned to her the money authorized to be borrowed, and received from her a bond and mortgage conforming to the direction of the court, and purporting to convey all the estate which the testator had in the land during his lifetime, and all the estate of Sophia, individually and as trustee, and as beneficiary, and also of the devisees in and under said will. The mortgage contained the usual provisions for proceedings in case of default, and was duly recorded in the proper office. Default did occur, and the plaintiff commenced an action to enforce payment. His complaint contained, among others, the matters above referred to, set out the will, and named as parties defendant the said trustee, Martin, the son of the testator, and such of the brothers and sisters of the testator as were living, and the children of those who had died, and alleged that they " have or claim to have some interest in, or lien upon, the said mortgaged premises, or some part thereof, because or by reason of the provisions of said

will, in the event of the death of the son of the testator and the said Winona, and any other children born to said son of the testator, dying prior to the said Sophia," but also alleging that such interest, or lien " is subsequent and inferior to the lien of the plaintiff's said mortgage, and is subject and subordinate thereto; and that the rights and interests of said defendants, and each and all of them, in the premises, if the event above named should transpire, would, because and by reason of the facts hereinbefore alleged, be inferior and subsequent to said mortgage," and demanded judgment of foreclosure against all the defendants and a sale of the mortgaged premises.

The defendants were duly served with process, but made default, and afterwards judgment pursuant to the prayer of the plaintiff was granted, and it was also ordered that if upon the sale more than the amount due should be realized, the surplus should be invested by the trustee, and upon the contingency mentioned in the will it should " pass to the devisee or persons entitled thereto, pursuant to the provisions of the will. Upon sale of the mortgaged premises under this judgment, Leo Schlesinger became the purchaser at the price of $6,000, signed the usual conditions of sale and paid down $600 as thereby required. He subsequently refused to pay more, and plaintiff instituted proceedings in the Supreme Court to compel him to complete the purchase. He resisted the application, denying none of the allegations in the moving papers and expressing a willingness to complete the purchase provided he could obtain a good title, but alleging that he cannot and asks to be relieved of the purchase and have the money paid restored to him, and compensation made for the expenses incurred in the examination of the title and otherwise. The defect alleged is that the expectant estate of the brothers and sisters in the premises has not been divested, and that upon the death of Martin Ficken, the son, without issue during his mother's life, the gift to them would take effect. The court at Special Term denied the plaintiff's application, released the purchaser and directed the money already paid to

be returned, and in addition thereto, $225, being the counsel fees and disbursements incurred by him in causing the title of the premises to be examined. Upon appeal the General Term reversed this order and granted the application of the plaintiff. The purchaser appeals to this court.

*Ferdinand Kurzman* for appellant. The legislature has no power to authorize, without their consent, the sale of lands in which adults, competent to act for themselves, have an interest, vested or contingent, unless a sale be necessary, for the payment of taxes or assessments, or some other public use or purpose. (*Taylor* v. *Porter*, 4 Hill, 141; *Powers* v. *Bergen*, 6 N. Y. 358; *Wynehamer* v. *People*, 13 id. 378; *In re N. Y. P. E. Pub. School*, 31 id. 591; *Brevoort* v. *Grace*, 53 id. 245; *Wilkinson* v. *Leland*, 2 Pet. 657.) A mortgagee has no right to make one who claims adversely to the title of the mortgagor, and prior to the mortgage, a party defendant for the purpose of trying his adverse claim in a court of equity. (*Browning* v. *Smith*, 6 N. Y. 82; *Rathbone* v. *Honey*, 58 id. 502; *Frost* v. *Koon*, 30 id. 448, 449; *Em. Ind. Savings Bk.* v. *Goldman*, 75 id. 131; *Eagle Fire Ins. Co.* v. *Lent*, 6 Paige, 635; *Mer. Bank* v. *Thompson*, 55 N. Y. 11; *Payn* v. *Grout*, 23 Hun, 136.) The judgment is not final and conclusive, because the matter could not have been litigated and determined in the action. (*Malloney* v. *Horan*, 49 N. Y. 116; *People* v. *Dennison*, 84 id. 280.) A purchaser at a judicial sale is entitled to a marketable title. (*Fleming* v. *Burnham*, 100 N. Y. 8; *Jordan* v. *Poillon*, 87 id. 521.

*John J. Gleason* for respondent. Notwithstanding the act of 1882 (Chap. 275), the legislature and the court, in the case of authority conferred by it, had power to protect and preserve the trust estate, and at the expense of the estate; and the realty could be sold in the exercise of this power, and perfect title given. (*Jacobus* v. *Babcock*, 16 N. Y. 246; *Leggett* v. *Hunter*, 19 id. 445; *In re P. E. School*, 31 id. 574; *New* v. *Nicoll*, 73 id. 127.) So, too, the trustee would have had the

power, independently of the amendment of the statute, to incumber the property beyond her mere life estate; she might have leased it for a term of years. (McAdams Landl. and Ten. 93; *Labatut* v. *Delatour*, 54 How. Pr. 435.)    The trustee having the power to make the repairs and improvements, which, in this case, were compulsory and required to preserve the building, and to comply with the requirements of the laws as to buildings in New York city, had the power to charge the land and building with the payment thereof, especially so in this case, where, as the petition shows, the trustee had no funds to pay for them, and to create a lien for same thereon. (*New* v. *Nicoll*, 73 N. Y. 127; *Perry* v. *Board of Missions*, 102 id. 99.)    The court had power, and it was within its jurisdiction to declare and adjudge this lien, and to sell the property for its enforcement. (*Perry* v. *Board of Missions*, 102 N. Y. 99; *New* v. *Nicoll*, 73 id. 127.)    This being so, the application to the court for permission to create a lien by mortgaging the property, in effect the same as the equitable lien, would require no other or greater or different notice than an action to have adjudged and enforced the equitable lien. (*Nodine* v. *Greenfield*, 7 Paige, 544.)    All the contingent remaindermen were parties to this action, and were effectually cut off by the judgment.    (*Jordan* v. *Van Epps*, 85 N. Y. 427, 435, 436; *Morris* v. *Morange*, 38 id. 172; *Brown* v. *Mayor, etc.*, 66 id. 385; Code of Civ. Pro. § 1632; *Brown* v. *McKening*, 64 N. Y. 78, 84; *Emigrant Bank* v. *Goldman*, 75 id. 127; *Brown* v. *Kenny Settlement Cheese Co.*, 59 id. 242.)    The judgment in this action is a conclusive bar against all estate, right, title or interest of the remainderman, vested or contingent, and of each and all the defendants in the premises. (*Jordan* v. *Van Epps*, 85 N. Y. 427, 435, 436; *Morris* v. *Morange*, 38 id. 172; *Brown* v. *Mayor, etc.*, 66 id. 385; Code of Civ. Pro. § 1632; *Brown* v. *Volkening*, 64 N. Y. 76, 84; *Emigrant Bank* v. *Goldman*, 75 id. 127; *Brown* v. *Kenny Settlement Cheese Co.*, 59 id. 243.)    The question presented in this case was as to the priority of plaintiff's mortgage over the rights and interests of each and all defendants;

the facts and demand upon this question being expressly alleged and charged, and, therefore, the judgment is a bar and an estoppel. (*Jordan* v. *Van Epps*, 85 N. Y. 427; Abb. Trial Ev. 826; *Cromwell* v. *County of Sac.*, 94 U. S. [4 Otto] 351, 352; *Smith* v. *Smith*, 79 N. Y. 634.) The judgment herein is conclusive, and binding upon all remaindermen and persons who had expectant estates, contingent and otherwise, and bars also their descendants. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *Brown* v. *Mayor*, etc., 66 id. 385; *Gates* v. *Preston*, 41 id. 113; *White* v. *Merritt*, 3 Seld. 352; *Baron* v. *Abeel*, 3 Johns. 481; *Mead* v. *Mitchell*, 17 N. Y. 210, 214; *Williamson* v. *Field*, 2 Sandf. Ch. 533, 563; *Eagle Fire Ins. Co.* v. *Commett*, 2 Edw. Ch. 127; *Nodine* v. *Greenfield*, 7 Paige, 544, 548; *Brevoort* v. *Brevoort*, 7 N. Y. 136, 139, 140.)

DANFORTH, J. The application for leave to mortgage is put by the respondent upon the provisions of chapter 275 of the Laws of 1882, and chapter 26 of the Laws of 1884, amending article 2, title 2, part 2, of the Revised Statutes, " Relating to uses and Trusts." That act provides that the Supreme Court may, upon such terms and conditions as it deems just and proper, authorize a trustee to mortgage real estate held by him for the purpose of raising funds to be applied in preserving or improving it. It may be, as the appellant claims, that the order, in this case, exceeds that intended by the legislature, inasmuch as it covers not only the interest of the trustee and beneficiaries of the trust, but also takes in the rights and interests of persons who may be entitled in remainder on the expiration of the trust. It is not necessary, however, to pass upon that question, for those persons were made parties to the foreclosure of the mortgage, and so given an opportunity to pay off the mortgage if they saw fit to do so, or defend against it, and show, if they could, that it could not be enforced against them. They did neither. The case, therefore, is distinctly within the principle on which *Jordan* v. *Van Epps* (85 N. Y. 427), and *Barnard* v. *Onderdonk* (98 id. 158), were decided, and is controlled by the rule that a

judgment rendered by a court having competent authority to deal with the subject-matter involved in the action, and jurisdiction of the parties, is final and conclusive between them.

The cases cited by the appellant do not contravene that doctrine. Many of them were reviewed by the late learned Chief Judge DAVIES in *Frost* v. *Koon* (30 N. Y. 428), and from that examination, and the cases referred to, it appears that, while prior incumbrancers are neither necessary nor proper parties to an ordinary action of foreclosure, and that when made such under the general allegation that they claim an interest "as subsequent purchaser, incumbrancer, or otherwise," a decree will not affect them; and moreover, that if the facts upon which the plaintiff relies to defeat that prior title are stated, the defendant whose title is thus assailed may demur to the complaint upon the ground that the plaintiff has no right to bring him into court upon the foreclosure to try the validity of his title, yet, if the party so made a defendant should, instead of demurring, answer and litigate the question, and then judgment should go against him, no case decides that the judgment would not conclude him in a collateral action, nor do those cases decide that where such facts are stated as will, if admitted, subject that title to the plaintiff's mortgage and to the relief sought, the party against whom they are alleged will not in like manner be estopped from afterwards setting up his interest as against the judgment in the foreclosure action. And what binds him can be questioned by no one else. The present case is within the general rule, that a judgment is conclusive between the same parties and their privies upon all matters embraced within the issue in the action, and which were or might have been litigated therein. It is immaterial whether issue was joined by the defendant, or tendered by the plaintiff and left unanswered. The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one rendered after contest. (*Gates* v. *Preston*, 41 N. Y. 113; *Newton* v. *Hook*, 48 id. 676.)

We agree, therefore, with the General Term in the con-

clusion that the title tendered to the purchaser is a good title and that he should be required to complete his purchase.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.