# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## July, 1890.

THE FARMERS' LOAN AND TRUST COMPANY, Plaintiff
and Respondent, *v.* THE NEW ROCHELLE AND PELHAM
RAILWAY COMPANY, Defendant.

## THE VILLAGE OF NEW ROCHELLE, Appellant.

*Mortgage foreclosure against a street railroad company — right of a village holding a*
*bond of indemnity given by the railroad, upon which action has been brought, to be*
*made a party.*

In an action brought to foreclose a mortgage upon a street railroad in New Rochelle
the village applied to be made a party. Upon such application it appeared
that the railroad was authorized to lay its tracks, by permission of the village,
on condition that it should give a bond to pay all damages which might result
from the building of the road or the grading of the streets; that such bond was
given; that an action had been brought thereon by the village to recover dam-
ages, and was still pending, the railroad having interposed an answer denying
all liability in the action.

*Held,* that the motion by the village to be made a party defendant in the fore-
closure case was properly denied, as it had not a lien upon the railroad and was
only a general creditor.

APPEAL by the Village of New Rochelle, the moving party herein,
from an order made at a Special Term of the Supreme Court, held
in Westchester county on February 1, 1890, and entered, on the
same day, in the office of the clerk of said county, denying the motion

of said village to be brought in and made a party to this action, and from each and every part of said order.

*Martin J. Keogh,* for the Village of New Rochelle, appellant.

*Henry B. Turner,* for the respondent.

BARNARD, P. J. :

The defendant is a domestic corporation formed to construct a street railroad in New Rochelle, with a branch to Pelham. On the 2d day of November, 1885, the board of trustees of the Village of New Rochelle granted, by resolution, permission for the defendant to construct, maintain and operate its road on the streets and highways of the village as expressed in the resolution.

Certain conditions were contained in the resolution in respect to the method to be observed in building and keeping in repair the railroad and in grading the streets between the track and on each side of the same. In 1888 the defendant executed a mortgage to the plaintiff on its road and franchises, privileges and equipments to secure a loan. This action is brought to foreclose that mortgage. Among the conditions specified in the resolution, giving the privilege to lay the tracks in the village, was one to the effect that the railroad company should indemnify the village from all damages which might result from the building of the road or the grading the streets, and that a bond in the penal sum of $10,000 should be given to that effect. The bond was given and the village claimed that damages were sustained by the village, by reason of the acts and omission of the railroad, and commenced an action in October, 1889, upon the bond to recover the amount thereof, which is still pending. The railroad denies all liability in its answer.

In November, 1889, the Farmers' Loan and Trust Company commenced an action to foreclose its mortgage and the village applied to be made a party defendant. The motion was properly denied. There is nothing in the resolution which gives or purports to give a lien on the railroad. Conditions are imposed as to construction and grading, and a bond demanded to secure the observance of these conditions, but no lien is called for. The franchise to the defendant was not given by the village, but by the people upon the consent of the village. This consent is irrevocable as against

the Loan Company and railroad after its construction, and the purchaser will take subject to the conditions contained in the consent.

The village is, therefore, only a general creditor as against the railroad, and under the case of *Herring* v. *New York and Erie Railroad* (105 N. Y., 340), cannot be made a party defendant. If the village has the first lien on the railroad, it will remain after the Farmers' Loan and Trust Company foreclose their subsequent one. As a first lienor the village would not be a proper party. (*Goebel* v. *Iffla*, 111 N. Y., 170.)

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.