MAASCH v. GRAUER.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. ACTION—SPLITTING CAUSES OF ACTION.

A cause of action cannot be split up and a separate action brought on each part, but only one action may be maintained for one cause of action in its entirety.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 549, 550.]

2. JUDGMENT—RES JUDICATA.

 A judgment is res judicata of all parts of the cause of action, whether included in the complaint or not, including all incidental relief prayed for in the complaint specifically, or embraced in the general prayer, or which might have been prayed for in the complaint and given by judgment.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1234–1240.]

3. FRAUDULENT CONVEYANCES—RECOVERY OF RENTS FROM FRAUDULENT GRANTEE.

 The right of a judgment creditor, suing to set aside a conveyance of real estate by the debtor in fraud of creditors, to require the fraudulent grantee to account for the rents received by him, is enforceable in the action and is included in the relief; and the creditor, after prevailing in the action, cannot maintain a separate suit to compel the fraudulent grantee to account for the rents.

 Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Emma Maasch against August G. Grauer. From a judgment for plaintiff, defendant appeals. Reversed, and judgment given for defendant.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Charles H. Street (Leander B. Faber, on the brief), for appellant.
Guy C. Frisbie, for respondent.

GAYNOR, J. The plaintiff, having prevailed in her action as a judgment creditor to set aside a conveyance of real property by the judgment debtor to this defendant in fraud of creditors, brought this action to make the defendant account for the rents and profits thereof received by him as fraudulent grantee. Judgment should have been given for the defendant. A cause of action cannot be split up, and a separate action brought on each part. Only one action may be maintained for one cause of action in its entirety, and the judgment therein is res adjudicata of all parts of such cause of action whether included in the complaint or omitted, including all incidental relief prayed for in the complaint specifically or by being embraced in the general prayer, or which might have been prayed for in the complaint and given by the judgment. Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448; Bracken v. Atlantic Trust Co., 167 N. Y. 510, 60 N. E. 772, 82 Am. St. Rep. 731; Hahl v. Sugo, 169 N. Y. 109, 62 N. E. 135, 61 L. R. A. 226, 88 Am. St. Rep. 539; Remsen v. N. Y., etc., Ry. Co., 111 App. Div. 413, 97 N. Y. Supp. 902; Clemens v. Clemens, 37 N. Y. 59; Bloomer v. Sturges, 58 N. Y. 168; Jordan v. Van Epps, 85 N. Y. 427.

The right of the plaintiff to make the defendant account for the rents and profits could have been enforced in her action to set aside the fraudulent conveyance. It was of that cause of action, and included in the relief that could be obtained therein. If it were a separate cause of action it could have been omitted, for the rule is not that separate causes of action must be united, if possible, in the same complaint, but only that a cause of action shall not be split up.

The judgment should be reversed and judgment given for the defendant.

Judgment reversed, and judgment ordered for defendant, with costs. All concur, except HOOKER, J., who dissents.

HOOKER, J. I dissent. The plaintiff procured judgment against one Parkin, and execution was returned unsatisfied. After the verdict was rendered in the case, and before judgment was entered, Parkin transferred certain real property to the defendant. Later, in an action by this plaintiff against the defendant, judgment was entered setting aside the transfer on the ground that it was made with the fraudulent intent and purpose of hindering, delaying, cheating, and defrauding this plaintiff in the collection of her money judgment. The complaint in that case did not demand, and the judgment did not decree, an accounting by the defendant for the rents and profits of the said premises while he was in possession thereof. Subsequently this action was commenced to compel the defendant to account for such rents and profits, and the plaintiff has had judgment decreeing that he account for the rents and profits from the time he entered into possession. The defendant appeals.

I cannot escape the conviction that the claim that the deed should be set aside so as to allow the judgment creditor to reach the land with an execution, and the claim for the moneys the fraudulent grantee received while in possession, treating him as trustee, are two distinct causes of action. The first is to destroy the deed; the other, to build up a trusteeship. If I am right, one of the points the appellant makes should be considered. He holds that he may not be held to account for the rents and profits, except from the time of the commencement of the action to set aside the transfer. Hillyer v. Le Roy, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919, was an action to set aside a transfer as fraudulent, by a judgment creditor whose execution had been returned unsatisfied, and where transfer of certain property had been made by some of the judgment debtors shortly prior to the judgment obtained by the plaintiffs. In that action the plaintiffs demanded that the transferee account to them for the use of the properties so fraudulently transferred, and the judgment compelled the defendants to account for rents from the time of the fraudulent transfers. In modifying the judgment, the Court of Appeals observe, per Gray, J.:

"I think the determination of the learned Appellate Division to have been correct, with this exception, however, that the judgment in the trial court appears to have included as within the lien of the original judgment the mesne rents and profits of the real estate from the time of the fraudulent transfers. That would be incorrect. The accountability for the rents and profits should be from the time of the commencement of the present action in equity to annul the transfers, at which time an equitable lien upon the fund was acquired. Collumb v. Read, 24 N. Y. 505."

The respondent cites Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99, 1 L. R. A. 250, as an authority that, the deed having been set aside as fraudulent and void, the grantee had no title as against the plaintiff to the rents received by him and that he should account from the time he took possession. This case, however, was cited in the briefs.

in the Hillyer Case (page 372, of 179 N. Y.), and the latter must be deemed to express the law upon the subject.

Inasmuch as neither the agreed statement of facts nor the findings of fact show what rents and profits the defendant received subsequent to the time of the commencement of plaintiff's action to annul the fraudulent transfer, it is impossible from the record before us to determine the extent of the defendant's accountability in money.

My vote is to reverse the judgment and grant a new trial.