### McDONALD v. RUGGIERO.

(Supreme Court, Appellate Division, Second Department.    March 4, 1910.)

1. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—DISPOSSESSION AS DEFENSE—EVIDENCE.

   A precept, purporting to have been issued in dispossession proceedings brought in the name of the agent of the landlord, is not admissible in defense of an action for rent, without proof of agency.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 194*)—ACTION FOR RENT—DISPOSSESSION AS DEFENSE.

   The issue of a precept and the removal of the tenant in compliance therewith constitute a surrender, and the tenant cannot be held for rent accruing after the issue of the precept.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.*]

3. LANDLORD AND TENANT (§ 202*)—RENT—WHEN DUE.

   Where rent is payable in advance on the 1st day of the month, it is not strictly payable until the last minute of that day, so as to entitle the landlord to the right to recover the premises, under Code Civ. Proc. § 2253, for nonpayment.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 802–806; Dec. Dig. § 202.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Margaret McDonald against Frank Ruggiero. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Walter E. Warner, for appellant.

Edgar R. Mead, for respondent.

JENKS, J. The plaintiff appeals from a judgment of the Municipal Court that dismisses the complaint at the close of the case. The action is to recover rent alleged to be due on April 1, $150, pursuant to the lease between the parties. The plaintiff set forth the execution of the lease, her performance thereof, that the defendant had not paid the rent due April 1, $150, and further alleged that on August 1, 1908, $11 was due for water rents which had not been paid. The defendant denied the plaintiff's performance, and denied that the rent "was strictly due and payable on April 1, 1909," and for a separate defense pleaded dispossession proceedings.

The plaintiff contended that the defendant had the affirmative, and the defendant then went forward to prove that he had received a paper from a marshal on April 1, 1909, between the hours of 4 and 4:30 p. m. The paper was read in evidence, and is a precept. The defendant testified that he started to move the same night, he moved out within a few days, and that no warrant was ever served. The precept was read in evidence, under the plaintiff's objection (and exception) that it was incompetent, immaterial, and irrelevant, not within the issues, and not binding on the plaintiff. We think that the exception was well taken, because the precept shows that the proceedings were instituted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

121 N.Y.S.—27

by an alleged agent, and before such proceedings could be held to constitute a demand there should have been proof of the agency. Such proceedings could be entitled and the precept issued in the name of the agent. Case v. Porterfield, 54 App. Div. 109, 66 N. Y. Supp. 337.

This rent seemed payable in advance. The issue of a precept and the removal of the tenant in compliance therewith constitute a surrender, and the tenant cannot be held for rent accruing after the issue of the precept. McAdam on Landlord and Tenant (2d Ed.) p. 1273, citing Boehm v. Rich, 13 Daly, 62, and other cases. If the rent were payable on April 1st, it was not strictly payable until the last minute of that day (McAdam, supra, 929); and hence it was not payable when the precept was issued, so as to save to the plaintiff the right of recovery afforded by section 2253 of the Code of Civil Procedure. But, as I have said, there was a failure of proof, as indicated, that made the exception fatal to the judgment.

The judgment is reversed, and a new trial is ordered; costs to abide the event. All concur.