### HAIMS v. REHM.

#### (Supreme Court, Appellate Term.   June 24, 1910.)

LANDLORD AND TENANT (§ 310*)—DISMISSAL OF SUMMARY PROCEEDINGS.

Summary proceedings were brought for default in monthly rent, payable in advance on the day the petition was verified and the precept was issued and served, and the tenant moved to dismiss on the ground that the agency of the person verifying the petition was not shown and the proceedings could not be legally instituted prior to the day following that on which the rent was payable. *Held*, that it was error to dismiss the petition on the merits, as the most that could be said was that there was a failure of proof, or that the proceedings were prematurely brought.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1319; Dec. Dig. § 310.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by Rebecca Haims against William C. Rehm. From an order dismissing the petition, the landlord appeals. Modified and affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Moses T. Barrows, for appellant.
Martin M. Goodman, for respondent.

GUY, J.   The petition of the landlord herein avers that the defendant leased the premises in question on October 15, 1909, promising to pay the sum of $40 per month in advance on the 15th day of each month, and that there was one month's rent due from April 15, 1910, to May 15, 1910. The petition was verified and the precept issued and served on April 15, 1910.

At the close of the testimony given on behalf of the landlord, the tenant moved to dismiss the proceeding upon the ground that the agency of the person verifying the petition had not been shown and that the proceedings could not be legally instituted prior to April 16, 1910. McDonald v. Ruggiero, 136 App. Div. 699, 121 N. Y. Supp. 417. The court below thereupon dismissed the petition upon the merits. This was error. The most that can be said is that there was a failure of proof, or that the proceedings were prematurely brought, and therefore should not have been dismissed upon the merits.

Order modified, by striking therefrom the words "on the merits," and, as modified, affirmed, with costs to the appellant. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes