## Bunch, et al. v. Bunch.

(Decided February 24, 1925.)

### Appeal from Pike Circuit Court.

Judgment—Judgment Recovered by Children of First Wife Against Child of Second Marriage Held Binding on After-Born Child of Second Marriage.—Judgment in action to recover land, which had descended to plaintiffs, subject to their father's right of curtesy and had been conveyed by the father to heirs of second wife, one of whose children was a defendant, held binding on after-born child of second marriage, and res judicata in subsequent action involving same land.

PICKELSIMER & STEELE for appellants.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Robert Bunch had four children by his first wife. In exchanging his wife's land for a tract of land belonging to Sylvester Clevenger, he took title to himself. Thereafter, he married a second time and there was born of this marriage a child, Granville Bunch. Besides other land, he and his wife conveyed the Clevenger tract to Granville Bunch "and the heirs of Polly Bunch by Robert Bunch to be equally divided," and reserved a life estate therein. Later on, Robert Bunch's children by his first marriage brought suit against Robert Bunch, his wife, Polly Bunch, and their only child, Granville Bunch, to set aside the Clevenger deed and the deed from Robert Bunch and wife to Granville Bunch, etc., in so far as it affected the Clevenger tract. On final hearing the deeds were cancelled in accordance with the prayer of the petition, and it was adjudged that the Clevenger tract was the property of the mother of plaintiffs, and on her death descended to them subject to the curtesy right of their father, Robert Bunch. After the entry of the judgment, which was never set aside or reversed, Stanley Bunch, one of the plaintiffs, purchased the life interest of his father, and also the interest belonging to one of his brothers. The interests of the other two plaintiffs were bought by Tom Gillum. Some time later, a second child, Aratus Bunch, was born to Robert Bunch and Polly Bunch. Robert Bunch is now dead.

This suit was brought by Polly Herrington (formerly Polly Bunch) and her two children, Granville Bunch and Aratus Bunch, against Stanley Bunch and Tom Gillum, to recover the same land adjudged in the former action to be the property of Robert Bunch's children by his first mariage. The defendants pleaded *res judicata.* The chancellor sustained the plea as to Polly Herrington and Granville Bunch, who were parties to the former action, but held it not available against Aratus Bunch, who was not in being when the judgment was rendered. The propriety of the ruling as to Aratus Bunch is the only question before us.

If persons situated as plaintiffs in the original action had to bring a separate suit as each child was born of their father's second marriage, or wait until the possibility of other issue was extinct, before asserting their rights, it would necessarily result in great injustice. If their father acquired title by fraud, it necessarily follows that his grantees, who were not innocent purchasers for value, acquired only such estate as he could convey. When the judgment was rendered, not only were the life tenants before the court, but Granville Bunch, in whom the first remainder of inheritance was vested, was also before the court. His interest in the property, as well as his duty and incentive to defend the title, was the same as that of an afterborn child, and every defense available to an afterborn child was equally available to him. We therefore conclude that Aratus Bunch, though not in being when the judgment was rendered, was represented by those who were before the court, and is therefore bound by the judgment. Hale v. Hale, 146 Ill. 227, 33 N. E. 858; Goebel v. Iffla, 111 N. Y. 170, 18 N. E. 649; Dunham v. Doremus, 55 N. J. Eq. 511, 37 Atl. 62; Rutledge v. Fishburne, 66 S. C. 155, 44 S. E. 564, 97 A. S. R. 757; McCampbell v. Mason, 151 Ill. 500, 38 N. E. 672; Hermann v. Parsons, 25 Ky. Law Rep. 1344, 78 S. W. 125; Kendall v. Crawford, 25 Ky. Law Rep. 1224, 77 S. W. 364. It follows that he was not entitled to recover.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.