SAMUEL S. TOBACK, Respondent, v. HEDAV REALTY CORPORATION, Appellant. — Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

HENRY WEBER, Respondent, v. ANTHONY CIANCIULLI CORPORATION, Appellant. — Judgment of the City Court of Yonkers reversed on the law and the facts and a new trial ordered, costs to abide the event, on the ground that there is no proof of negligence, and the trespass or physical invasion was not sufficient to justify the amount of damages awarded. Lazansky, P. J., Carswell and Tompkins, JJ., concur; Young and Scudder, JJ., dissent and vote to affirm the judgment on the ground that the testimony shows that plaintiff's dwelling was within between fifteen and twenty-two feet of the place where defendant's blasting was done and that there was testimony to the effect that by a blast a steel mat weighing about a ton was thrown into the air higher than plaintiff's dwelling, and such evidence, if believed, would show negligent blasting by the defendant. There is also evidence of an invasion of the plaintiff's property.

SAMUEL WOLFSON, on Behalf of Himself and Other Creditors of FISHKIND REALTY Co., INC., Respondent, v. SAMFRED HOLDING CORPORATION and FISHKIND REALTY Co., INC., Appellants.— Order requiring an accounting of rents and profits by the defendants reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In a proper case the practice of applying at the foot of the judgment for an accounting may be justified. Here the right to an accounting as a matter of law is questioned, and the right is negatived by the proof. In this case it has been adjudicated that defendant Samfred Holding Corporation took title to the property in question as a fraudulent grantee and that it held it in trust for the benefit of the creditors of defendant Fishkind Realty Co., Inc. After the conveyance the Samfred Holding Corporation improved the property by the erection upon it of an apartment house. Under the circumstances, especially in the absence of a demand for an accounting of the rents in the complaint, the plaintiff is not entitled to such relief by application at the foot of the judgment, although the judgment provides that application may be made at the foot thereof for other and further relief. Had the relief been demanded in the complaint, the question would have been litigated. Under the rule of compensation, it seems that even a fraudulent grantee will not be compelled to account for rents resulting solely from improvements made by him, although he will not be allowed for such improvements made to promote his supposed interests. (See *King* v. *Wilcox*, 11 Paige, 589; *Loos* v. *Wilkinson*, 113 N. Y. 485.) Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.