**T. Victor Searing** et al., Plaintiffs, *v.* **Sidney Cohen**, Defendant.

Municipal Court of the City of New York, Borough of Bronx, February 7, 1948.

*Abraham J. Yasgour* for plaintiffs.

*Sidney Cohen,* defendant in person.

Frank, J. The plaintiffs, who are the landlords of premises 2741 Sedgwick Avenue, are seeking to recover the sum of $225 from the defendant, who is one of their tenants. These plaintiffs claim that they were compelled to expend this sum of money for legal services incurred in commencing nine separate nonpayment summary proceedings against the defendant because of his failure to pay his rent.

That there has been ill-feeling, difficulty and acrimonious dispute between the parties is quite evident. This court is not unmindful of the plaintiffs' contention that they were compelled to institute nine separate proceedings in less than a year, causing them unjustified annoyance, difficulty and expense; nor of the tenant's contention that these proceedings were the result of a determination to harass and inconvenience him. Such disturbing situations inevitably flow from the acute housing shortage.

Whether the plaintiffs herein have been unduly burdened with a troublesome tenant, or whether the defendant has been plagued by oppressive landlords is not the subject matter of this present litigation.

The action at bar was commenced by the service of a summons with the cause of action indorsed thereon, issued by plaintiffs' attorney. The defendant appeared in person and the interposed answer, prepared by a clerk of this court, alleges "General Denial-Counterclaim $400, medical bills suffered by reason of plaintiffs' constant annoyance." The defendant was not represented by counsel at the trial.

There was no proof offered on the trial to sustain the counterclaim and it is therefore dismissed.

The plaintiffs' cause of action is grounded on a clause in a lease executed by the tenant and a prior landlord on January 28,

1943, the term of which commenced on March 1, 1943, and ended on September 30, 1944.

Upon the authority of *130 West 57 Corp.* v. *Hyman* (188 Misc. 92), it is determined that the provisions of the lease survive the expiration thereof.

The cogent paragraph of the lease upon which the plaintiffs rely reads in part as follows: " 17. If the Tenant shall default in the performance of any covenant on Tenant's part to be performed by virtue of any provision in any article in this lease contained * * * or if the Landlord is compelled to incur any expenses including reasonable attorney's fees in instituting, prosecuting * * * any action or proceeding instituted by reason of any default of Tenant hereunder, *the sum or sums so paid by Landlord* with all interest, costs and damages *shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first day of the month following the incurring of such respective expenses.*" (Italics supplied.)

That this provision of the lease between the parties is enforcible has been established by the decision of the Appellate Division in this department in the case of *Barrow Realty Corp.* v. *Village Brewery Restaurant, Inc.* (272 App. Div. 262). The opinion of the court in that case states, in part, as follows: " the tenant's failure to pay the counsel fee incurred in collecting the emergency rent is a violation by the tenant of a substantial obligation of the lease, entitling the landlord to dispossess the tenant, the landlord may collect counsel fee in a summary proceeding."

In this determination, the Appellate Division reversed the contrary decision of the Appellate Term in the same case, and inferentially also reversed the Appellate Term in the case of *117–127 West 48th St. Corp.* v. *Mellar* (71 N. Y. S. 2d 9), in which no dispossess of a tenant was permitted for failure to pay counsel fees in a prior summary proceeding.

The nine summary proceedings are on file in the clerk's office of this court in this district and were submitted as part of the record in this action. Each will be separately analyzed. Proceeding indexed No. 1711 was instituted for nonpayment of rent for March 1947. Proceeding No. 3951 was begun for a failure to pay rent for June, 1947, and No. 29 of 1948 was for nonpayment of rent for the month of January, 1948. The precepts in each of these three proceedings were issued by the clerk of the court on petitions duly acknowledged by the agent for the landlords. The petition and precept in each case were duly filed. No answer was interposed in each of these proceedings, and

the records disclose that no application was made by the landlords for final orders. It must be assumed, therefore, that the tenant paid and the landlords accepted the rent alleged to be due in these petitions either with or without the statutory disbursements.

Summary proceeding No. 4644/1947 was instituted for nonpayment of rent for the month of July. An answer was interposed, the matter set for trial on July 21, and then adjourned to August 1, 1947. On that date the proceeding was marked " settled " by Mr. Justice SULLIVAN.

In No. 5467/1947 instituted for the rent for August, an answer was interposed and a final order on consent was signed by Mr. Justice LORETO on August 22, 1947.

In No. 6126/1947 commenced for nonpayment of rent for the month of September, an answer was interposed and a final order on default was signed by Mr. Justice DELAGI on September 17th.

In No. 6838/1947, the proceeding was for nonpayment of rent for October. An answer was interposed, the tenant defaulted on the return day and a final order was signed by Justice CRAIG on October 17, 1947.

In proceeding No. 7498 for November rent, an answer was interposed, the tenant defaulted on the return day, November 20th, and a final order was signed by Mr. Justice LORETO.

In proceeding No. 8019 for December rent, an answer was interposed, the tenant defaulted on December 11, 1947, the return date, and Mr. Justice McGRATH signed a final order.

To summarize, there are final orders in five proceedings, one is marked settled and three were evidently settled by the parties before the time to answer expired.

In each of these proceedings the rent alleged to be due was $50 for the month in question by virtue of an agreement (the lease hereinbefore referred to) and the prayer for relief seeks not only a final order and a warrant but a money judgment for the rent in the sum of $50, with costs and disbursements.

Since by the terms of the lease, the legal fees and expenses incurred by the landlords in each of these proceedings become " additional rent " due from the tenant on the first day of the month succeeding the date of such expenditure; the landlords had the right to demand such additional rent on the day when due and the tenant was under an absolute obligation to pay the total sum (i.e. $50 rent plus the " additional rent ") on that day. (*St. Regis Restaurant, Inc.,* v. *Powers,* 219 App. Div. 321; *Slater* v. *Von Chorus,* 120 App. Div. 16; *Hermann* v. *Chase,* 140 N. Y. S. 371; *McDonald* v. *Ruggiero,* 136 App. Div. 699.)

In default by the tenant of his obligation to pay, the plaintiffs had the absolute right to include these items constituting " additional rent " in the successive summary proceeding actually commenced by them.

They did not choose so to do and the question now to be determined is whether such failure by the plaintiffs constitutes a bar to the present action at law.

The established principle of law in this State is that: " A cause of action cannot be split up, and a separate action brought on each part. Only one action may be maintained for one cause of action in its entirety, and the judgment thereon is *res judicata* of all parts of such cause of action whether included in the complaint or omitted, including all incidental relief prayed for in the complaint specifically or by being embraced in the general prayer, or which might have been prayed for in the complaint and given by the judgment." (*Maasch* v. *Grauer,* 123 App. Div. 669.)

The Court of Appeals in the case of *Goebel* v. *Iffla* (111 N. Y. 170, 177) said: " the general rule, [is] that a judgment is conclusive between the same parties and their privies upon all matters embraced within the issue in the action, and which were or might have been litigated therein. It is immaterial whether issue was joined by the defendant, or tendered by the plaintiff and left unanswered. The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one rendered after contest."

The leading case in this State in the application of this doctrine to summary proceedings is *Reich* v. *Cochran* (151 N. Y. 122). In that case the unanimous court said (p. 126): " A judgment taken by default in summary proceedings by a landlord for non-payment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent is due, *and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceedings."* (Italics supplied.)

The rule enunciated in the *Reich* v. *Cochran* case has been followed in a long line of cases, infinitely too numerous to cite here. Briefly, however, these cases reaffirm the principle and apply it to bar actions at law where the rights of the parties were fixed in equity actions and proceedings, and where the same questions were or could have been litigated in an action or proceeding in a foreign jurisdiction.

Although a necessary allegation in a nonpayment proceeding is the amount of rent due and in arrears, no " additional rent "

128

was alleged to be due in any of the proceedings considered here. The final order and judgment which terminated five of the proceedings granted the full relief prayed for in the petition. As a result, this action insofar as it rests upon such final orders is barred.

It is likewise decided that the four proceedings in which no final orders were signed were settled and there was an accord and satisfaction (*Moers* v. *Moers*, 229 N. Y. 294). There cannot, therefore, be any recovery by the plaintiffs as to those proceedings.

Judgment will be entered for the defendant.