Rockingham,
No. 6299.

## Henry P. Janson

*v.*

## Allan A. Schier and Florence J. Schier.

September 29, 1972.

*Perkins, Holland, Donovan & Beckett (Mr. William H. M. Beckett* orally) for the plaintiff.

*Shute, Engel & Frasier (Mr. David C. Engel* orally) for the defendants.

Duncan, J. The plaintiff, as a creditor of the defendant husband (*see Pacific & Atlantic Shippers* v. *Schier,* 109 N.H. 551, 554, 258 A.2d 351, 354 (1969)), seeks by bill in equity to set aside a conveyance by him to his wife, the defendant Florence, of land in Salem and Atkinson, because fraudulent as to creditors under RSA 545:4, the Uniform Fraudulent Conveyances Act. Trial was before a Master (*Leonard Hardwick,* Esq.) whose revised recommendation was that the conveyance of the real estate in Atkinson be set aside as in fraud of creditors under RSA 545:4. The report was approved by the Trial Court (*Grant,* J.), and thereafter the defendants moved to set aside the decree, and for a hearing

upon the question of whether the value of the real estate conveyed exceeded the homestead exemption of the defendants therein, so as to have caused injury to the plaintiff. RSA 480:1, 4. On recommendation of the master, the motion was denied by the Court (*Perkins*, J.), subject to the defendants' exception. The questions of law presented by this and other exceptions taken by the defendants were reserved and transferred by *Perkins*, J.

RSA 545:4 provides as follows: "Conveyance, by Insolvent. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

The findings of the master that the conveyance of the Atkinson property was without consideration, and that "the plaintiff's claim being valid, [the defendant] Allan did in fact, by the conveyance become insolvent" were warranted by the evidence. Accordingly, his recommendation that the conveyance of the Atkinson property be set aside as in fraud of creditors was proper, as a matter of law, by virtue of RSA 545:4 and RSA 545:9, if the husband's interest in the property findably was "not exempt from liability for his debts." RSA 545:1; *Merchants Nat'l Bank* v. *Sullivan,* 96 N.H. 430, 78 A.2d 508 (1951).

The Atkinson property was subject to an $8,000 mortgage when the conveyance was made. The defendants maintain that since they as joint tenants were entitled to three thousand dollar's worth of homestead exemptions in the property as provided by RSA 480:1, 4, and there was evidence that the mortgagee bank appraised the property at $10,000 when the mortgage was written, the "present fair salable value" (RSA 545:2 (I)), of the husband's interest in this asset when he conveyed it could not be found to exceed the amount of the mortgage lien plus the value of the defendants' homestead rights, so that the plaintiff creditor could not be found to have suffered injury by reason of the conveyance. *Kopf* v. *Engelke,* 240 Wis. 10, 1 N.W.2d 760 (1942).

There was evidence however that the defendants purchased the property for $12,000 in November 1961, and

the defendant husband testified that he and his wife had a $4,000 equity in the premises over and above its $8,000 mortgage in June 1962, when he conveyed his interest.

While the master made no express finding as to the value of the husband's interest, a finding that it exceeded the value of his homestead exemption is implicit in the recommendation that the conveyance be set aside as in fraud of creditors. The implied finding that the interest had a value in excess of the statutory exemption was supported by evidence which the master was entitled to believe, and the presumption is that the requisite finding was made. *Exeter Cooperative Bank v. Clark,* 109 N.H. 503, 256 A.2d 653 (1969); *Davis v. American Plastics,* 108 N.H. 454, 237 A.2d 688 (1968).

If the value of the husband's interest has increased since 1962, whether by reason of appreciation of the market value of the property, or because of payments by the defendant wife on account of the mortgage indebtness on the property as suggested by the defendants, we think that the plaintiff's right to recover is to be measured by the value of that interest at the time of levy thereon. We find no warrant, either in RSA 545:2, or in the cases cited by the defendants under the uniform act (*see Kopf* v. *Engelke, supra,* 240 Wis. 10, 1 N.W.2d 760 (1942); *Prudential Sav. Bank* v. *Grant,* 99 N.Y.S.2d 602 (Sup. Ct. 1950)), for holding that the plaintiff's right of recovery is limited to the "present fair salable value" of his interest at the time of the conveyance. The uniform statute determines when a conveyance is fraudulent, but when it is found fraudulent, does not purport to limit the creditor's recovery to the value of the debtor's interest at the time of transfer. *See* RSA 545:9. Whether any expenditures by the defendant wife after conveyance to her should be chargeable in equity against any resulting appreciation in the value of her husband's interest (*see* 37 Am. Jur. 2d Fraudulent Conveyances *ss.* 130, 131 (1968)) is an issue not determinable upon the record before us and not presented by the reserved case.

*Defendants' exceptions overruled.*

All concurred.