Rockingham
No. 7472

## HENRY P. JANSON

### v.

## ALLAN A. SCHIER & a.

### July 11, 1977

*Perkins, Holland, Donovan & Beckett,* of Exeter (*Mr. William H. M. Beckett* orally), for the plaintiff.

*Shute, Engel & Frasier,* of Exeter (*Mr. David C. Engel* orally), for the defendant.

GRIMES, J. This case is an appeal from the decree entered pursuant to a petition in which defendants sought to have the plaintiff enjoined from proceeding with a sheriff's sale and for determining the amount, if any, that the expenditures of Florence Schier resulted in appreciation of the value of real estate.

The plaintiff secured a judgment against Allan A. Schier, husband of Florence, for $2,800, no portion of which has been paid. Before the judgment specifically establishing the plaintiff as his creditor, Allan conveyed to Florence his one-half undivided interest in certain real estate situate in Atkinson, New Hampshire, which Florence and Allan had previously owned as joint tenants.

By decree dated December 2, 1970, the superior court ordered this conveyance to be set aside as made in fraud of creditors, but found that Florence was free from any fraud. The decision of the superior court was affirmed by this court on September 29, 1972. *Janson v. Schier,* 112 N.H. 329, 296 A.2d 12 (1972).

The plaintiff proceeded to levy execution on the real estate, the notice of the sheriff's sale being posted November 30, 1972. This petition to enjoin the sale was brought on December 19, 1972, and on January 5, 1973, the court made an order enjoining the sale temporarily. Allan died June 16, 1973.

The case was tried before a Master (*Leonard C. Hardwick,* Esq.), who found that since the conveyance of June 22, 1962,

Florence, from her own funds, had made the mortgage payments and paid for taxes all in the amount of $17,938.83. The master further found that Florence expended $7,000 in the maintenance of the property and in making improvements thereon.

The master recommended that the temporary injunction be dissolved and that a permanent injunction be denied. He also recommended that, if plaintiff went forward with the sheriff's sale, no bids be accepted for less than $15,765.71; that $1,796.30 of the proceeds be applied to the mortgage; and that $13,969.41 be paid to Florence from the proceeds. This report and its recommendations were accepted by the trial court.

Plaintiff moved to set aside the decree on the grounds that the figure to be paid Florence included Allan's homestead exemption to which plaintiff alleges Florence is not entitled; that Florence is not entitled to be reimbursed for improvements she made upon the property; and that Florence should not be reimbursed for costs she incurred to preserve Allan's one-half interest in the property unless she accounts for any rents and profits she may have received. *Cann*, J., reserved and transferred all questions of law.

█ Plaintiff first argues that the homestead exemption allowed Allan under RSA 480:1 expired on Allan's death and Florence, therefore, is not entitled to it. However, RSA 480:3-a provides that upon the death of the owner, "the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor." This language clearly provides for transfer of the homestead exemption to the surviving wife upon the owner's death. Therefore, when Allan died, Florence became entitled to his homestead exemption for her life. There was no error in the determination of the court.

█ Plaintiff next complains that Florence should not be reimbursed for improvements that she made upon the property. While there are jurisdictions that do not allow reimbursement for improvements, the majority do when the improvements have enhanced the value of the property. This is particularly true where, as here, the grantee was found innocent of fraud. Annot., 60 A.L.R.2d 595, 627 (1958); 1 G. Glenn, Fraudulent Conveyances and Preferences § 258 (1940). The trial court specifically found that the repairs and improvements were made by Florence out of her own funds and that they enhanced the value of the land. Under these circumstances, we find that it was not error for the court to

award Florence reimbursement for these payments. *King v. Wilcox*, 11 Paige 589 (N.Y. 1845); *Wolfson v. Samfred Holding Corp.*, 237 App. Div. 913, 262 N.Y.S. 102 (1933); *Loos v. Wilkinson*, 113 N.Y. 485, 21 N.E. 392 (1889).

Finally, plaintiff contends that Florence should not be reimbursed for taxes, mortgage payments, and maintenance expenses she made because she has not accounted for rents and profits. However, the record reveals that plaintiff made no request for such an accounting, and the master so found in his report. He has therefore waived his right thereto. *Wolfson v. Samfred Holding Corp.*, 237 App. Div. 913, 262 N.Y.S. 102 (1933); *Maasch v. Grauer*, 123 App. Div. 669, 108 N.Y.S. 54 (1908).

*Exceptions overruled.*

All concurred.