■ NELSON CAPITAL CORP., Appellant, v S. ZARA & SONS CONTRACTING CO., INC., et al., Defendants, and LONG ISLAND TRUST COMPANY, N. A., Respondent.—In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered September 18, 1987, as (1) denied its motion for summary judgment insofar as it sought foreclosure of the mortgage lien upon a parcel of real property in Goshen, and

(2) granted the cross motion of the defendant Long Island Trust Company, N. A., for summary judgment invalidating the plaintiff's mortgage interest in the subject premises.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 16, 1984, the plaintiff, Nelson Capital Corp., as lender, and the defendant S. Zara & Sons Contracting Co., Inc. (hereinafter S. Zara & Sons) as borrower, entered into a loan agreement in the principal sum of $1,924,343.59. Repayment of this loan was guaranteed by, *inter alia,* Samuel J. Zara who was also the president of S. Zara & Sons, and his wife Marianna. As collateral for the loan, a first mortgage was given on two parcels of real property in Hicksville and a parcel of real property in Goshen (hereinafter the Goshen property). The guarantee of Marianna Zara was limited to her interest in the Goshen property, which she owned with her husband Samuel as tenants by the entirety. Moreover, her guarantee was contingent upon the net proceeds of the loan, by virtue of additional advances from the plaintiff, equalling or exceeding $2,100,000.

Prior to closing the parties contemplated that a security interest in a relocatable asphalt plant would be pledged by S. Zara & Sons as collateral for the loan. At the time of closing, however, it was learned that there was a prior security interest in the plant and consequently $170,000 of the loan proceeds were placed into escrow until such time as S. Zara & Sons obtained a release from the holder of the security interest.

Thereafter, S. Zara & Sons was unsuccessful in obtaining the release. To resolve the situation, the plaintiff and Samuel Zara, in his capacity as president of S. Zara & Sons, agreed that the $170,000 held in escrow would be remitted to S. Zara & Sons and in exchange the Goshen property would remain in the mortgage. Significantly, Marianna Zara did not join in this agreement as a guarantor to the extent of her interest in the property.

In February of 1986, S. Zara & Sons defaulted on the loan and in June of 1986, the plaintiff commenced the instant action seeking, *inter alia,* foreclosure of the mortgage lien on the Goshen property. Joined as a defendant was Long Island Trust Company, N. A. (hereinafter LI Trust Co.), as a subordinate mortgage holder on the Goshen property. Following joinder of issue, the plaintiff moved for partial summary judgment, pursuant to CPLR 3212, seeking, in part, foreclo-

sure of the lien on the Goshen property. LI Trust Co. opposed the motion and cross-moved for summary judgment seeking a determination that the mortgage sought to be foreclosed on the Goshen property was not a valid lien thereon since, in accordance with the loan agreement, any lien on the property would be released if the loan proceeds did not exceed $2,100,000.

The Supreme Court denied that branch of the plaintiff's motion which sought foreclosure on the Goshen property and granted the cross motion of LI Trust Co., concluding, in sum, that the plaintiff had no interest in the Goshen property. We agree.

Initially, we hold that LI Trust Co. has standing as a subordinate mortgagee to assert that the Goshen property was released from the mortgage by virtue of the loan agreement. A defendant made a party as an alleged subsequent encumbrancer or owner may allege facts evincing his priority of claim for the purpose of showing that a plaintiff lienholder has no right to test the validity of his interest in the property in a foreclosure of the plaintiff's mortgage (see, Goebel v Iffla, 111 NY 170, 177; 15 Carmody-Wait 2d, NY Prac § 92:1172, at 71).

Further, based upon our review of the record, Marianna Zara was a limited guarantor whose obligation with regard to the mortgage did not come to fruition since the net proceeds of the loan did not equal or exceed $2,100,000. Contrary to the plaintiff's contentions, the October 1984 letter, which modified the terms of the loan agreement, did not bind Marianna Zara in her capacity as a limited guarantor since she was not a party to it. Moreover, even assuming the October 1984 letter bound Samuel Zara and his interest in the Goshen property to the terms of the mortgage, since at the time of his death in March of 1986 he and Marianna Zara owned the property as tenants by the entirety, Marianna then became the sole owner of the property by operation of law and any mortgage interest held by the plaintiff was terminated.

Thus, the Supreme Court properly denied the plaintiff foreclosure on the Goshen property. Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.