[HERKIMER SPECIAL TERM, April, 1876. *Hardin*, Justice.]

---

JOHN W. BARKER, President, &c., *vs.* CORNELIA BURTON, impleaded with H. B. Burton.

In an action to foreclose a mortgage executed after the marriage of the mortgagor, but not given for the purchase-money nor executed by the wife, the latter is not a necessary party; and if she does not appear, the judgment properly allowable will not affect her prior and superior interest in the premises.

And if, after being served with the notice specified in § 131 of the Code, and subsequently with a stipulation that nothing in the judgment shall affect her claim to dower, the wife appears, and sets up the defence that she is not a necessary party, neither party will be entitled to costs, as against the other;

the plaintiff having unnecessarily made her a party, and she having unnecessarily defended.

Under the Code of Remedial Justice an extra allowance may be made to the plaintiff, in a judgment of foreclosure.

THIS was an action to foreclose a mortgage which was not executed by the wife of the mortgagor, and was not given for purchase-money. It was executed after marriage. Defence by wife that she was not a necessary party, &c. She was served with the summons, and a notice that no personal claim was made against her. On the 14th of December, 1876, she was served by the plaintiff with a stipulation that nothing in the judgment should affect her claim to dower.

*Green & Comstock,* for the plaintiff.

*D. Bookstaver* and *L. R. Morgan,* for wife.

HARDIN, J. The wife was not a necessary party to the foreclosure of this mortgage. If she had not appeared, the judgment properly allowable would not affect her prior and superior interest in the premises. (*Corning* v. *Smith,* 6 *N. Y.,* 82. *Lewis* v. *Smith,* 9 *id.,* 517. *Merchants' Bank* v. *Thomson,* 55 *id.,* 7. *Crary on Spe. Proceed.,* 280. 1 *Wait's Prac.,* 129, 134.)

Section 131 of the Code provides for service of notice that no personal claim is made. That notice was served, and subsequently a stipulation given. Certainly the defendant would not have suffered if she had omitted to defend, when she could not have been harmed by any judgment the plaintiff could or proposed to take against her.

That section provides that after such notice is given, the party who unreasonably defends may be charged with costs.

What reasonable ground has the defendant for defending, in such a case? Because the plaintiff unnecessarily made her a party, he ought not to have costs

against her; and because she unnecessarily defended she isnot entitled, as a matter of right or within the principles which govern a reasonable discretion, entitled to costs.

Judgment will therefore be entered without costs either to the plaintiff against her, or to the defendant against the plaintiff.

Had the plaintiff applied for judgment under the Code of 1848, he would not be entitled to an extra allowance, without a separate order; but this application was under the Code of Remedial Justice, which provides for such an allowance in the judgment asked for.

The plaintiff may have an order clause for two per cent.

Ordered accordingly.

[ONONDAGA SPECIAL TERM, May, 1877. *Hardin,* Justice.]