and which he is not entitled to set up. How can subsequent performance by the second lessee of the covenants which he has entered into abridge or take away the cause of action which vested in the lessor before the second lease took effect? * * * The second lease passed no estate until possession was taken under it. * * * The lessor had a right of entry on the determination of the first lease. Directly that happened, a right of action for damages accrued in respect of the breach of the covenant to yield up in repair. Therefore, the lessor's right of action for these damages vested before any estate vested in the grantee of the subsequent lease." Rawlings v. Morgan, 18 C. B. (N. S.) 776, and Morgan v. Hardy, 17 Q. B. Div. 770, are in harmony with this decision. The claim for damages is therefore sustained to the extent mentioned above.

The defendant has interposed a counterclaim, alleging that, by false and fraudulent statements made by authorized agents of the plaintiffs with knowledge of their falsity and with intent to deceive, and on which he relied, he was induced to enter into the lease of the premises and damaged to the extent of $24,000. The testimony does not support the claim.

The plaintiffs are entitled to judgment for $5,180.78, with interest on $1,000 from April 1, 1902.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Charles Strauss, for appellant.
J. Hempden Dougherty, for respondents.

PER CURIAM. The judgment is affirmed on the opinion of the referee. All concur, except LAUGHLIN, J., who dissents upon the grounds of error in allowing recovery for items not embraced in bill of particulars, and for incompetent and insufficient proof of reasonable cost of making required repairs.

---

(116 App. Div. 729)

### In re HALL.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

TAXATION—PLACE OF TAXATION—NATURE OF PROPERTY—WATER RIGHTS.

By reason of his ownership of certain land, the petitioner had the right to use or draw off the water from a certain lake to operate his mills. This lake was located in a town adjoining that in which the land lay, but petitioner had no ownership in the lands under the water of the lake, or in any of the lands adjoining. *Held*, that the water right was incorporeal and an appurtenance to petitioner's land, and hence should be taxed as a part of it in the town where the land lay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 429.]

Appeal from Special Term, Orange County.

In the matter of the application of Frank A. Hall for a writ of certiorari to the assessors and town clerk of the town of Monroe. From an order dismissing his application for a writ of certiorari, and also from a judgment thereon, the petitioner, relator herein, appeals. Reversed, and assessment annulled.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH. and MILLER, JJ.

George K. Brewster, for appellant.
M. N. Kane, for respondents.

HOOKER, J. The appellant is the owner of several acres of land in the town of Tuxedo, Orange county, and of a water right in the adjoining town of Monroe; and the respondents are the assessors of the town of Monroe. This proceeding was brought to set aside an assessment made by the respondents, in the town of Monroe, upon the water right owned by the appellant. Mt. Bashan Pond is a body of water, in extent about a mile square, located in the town of Monroe. The outlet of the lake runs southerly, and at its head there is a dam, with gates, by which the amount of water released from the lake may be augmented or diminished. Some three or four miles southerly from the outlet, and beside the stream, the appellant owns about seven acres of land, well within the town of Tuxedo. The lands of several different owners intervene between the appellant's premises and the town line. Erected upon the appellant's lands are buildings used for a manufactory of wooden articles, and water from Mt. Bashan Pond supplies the power therefor. The plaintiff's title to his seven acres in the town of Tuxedo gives him the right and privilege of using or drawing off the water from Mt. Bashan Pond, for the purpose of carrying on his work, in certain defined quantities and at certain times. He has no ownership in or to any of the lands under the waters of Mt. Bashan Pond, or any of the lands adjoining it. His sole interest is the right to draw water from that pond through the natural outlet, in defined quantities, and at certain times.

The learned court below, in quashing the writ, treated the appellant's right to use this water as corporeal property, and spoke of it as physically lying in the town of Monroe and distant from the mill property in the town of Tuxedo. This erroneous premise has naturally led to a false conclusion. The right did not have physical being. It is incorporeal in its nature. The Court of Appeals has discussed the nature of the appellant's right to use the water of Mt. Bashan Pond. In Hall v. Sterling Iron & R. Co., 148 N. Y. 432, 42 N. E. 1056, one of the questions presented for consideration pertained to the plaintiff's ownership of that right. The paper title to one-half of his mill property had come to him with an omission in one of the mesne conveyances of any words of grant specifically addressed to the water right. It contained this language:

"Together with all and singular the devices, buildings, rights, members, privileges, advantages, hereditaments, and appurtenances to the same belonging or in any wise appertaining."

The court decided that, although the water right was not specifically mentioned or otherwise referred to, it was an appurtenance to the land and passed with it. The opinion states:

"The water flows through the natural outlet of Mt. Bashan Pond. This water course passes through the plaintiff's premises. It is used in connection with the land, and cannot well be severed therefrom. It consequently is attached as an incident to it."

And the court held that Hall's title to the whole premises was good.

That the right, if valuable, may be taxed is not denied (People ex rel. Niagara Falls P. Co. v. Smith, 70 App. Div. 543, 75 N. Y. Supp. 1100); but it should be taxed as a part of the real estate to which it

appertains and to which it is incident.  In this case the water right has connection with the appellant's land in the town of Tuxedo, and, as has been held by the Court of Appeals, even passes with the land by virtue of a conveyance that does not mention the water rights.  To allow the right to be taxed in the town other than where the land itself is situated might result in an anomalous situation.  If the taxes on the mill property were not paid, and the property sold under a tax sale, it would seem that under the Court of Appeals decision the right to use the water of Mt. Bashan Pond would pass as an incident to the land, and the purchaser would own that right in connection with the mill property.  Suppose, however, that the right itself were allowed to be taxed in the town of Monroe, and, the taxes remaining unpaid, a tax sale should follow.  It could easily be imagined that, if the tax were valid, the purchaser at the sale would hold a valid title to the water right, and he would find himself, as to his ownership, at once at war with the purchaser under the tax sale conducted in the town of Tuxedo.  It cannot be doubted that water rights incorporeal in their nature may, under certain circumstances, exist independent of lands; but that is not this case.

The conclusion is that the order and judgment appealed from should be reversed, and the assessment annulled, with costs.  All concur.