THE TAX LIEN COMPANY OF NEW YORK, Respondent, *v.*
CATHERINE E. SCHULTZE et al., Defendants.
·WESLEY E. BARKER, Appellant.

Tax — easements — foreclosure of tax liens — parties — when foreclosure on property subject to private easements does not cut off such easements.

1. When an easement is carved out of one property for the benefit of another the market value of the servient estate is thereby lessened, and that of the dominant increased practically by just the value of the easement; the assessment of the servient estate is subject to the easements included in the assessments of the dominant estate. Hence, on the foreclosure of a tax lien and a sale of the premises pursuant to sections 1035–1039 of the New York city charter (L. 1901, ch. 466; amd. L. 1908, ch. 490; L. 1911, ch. 65), private easements of light, air and access of adjoining owners over the land sold are not extinguished. Such owners are not necessary parties.

2. Where the owners of property to which such easements were appurtenant were made parties to an action to foreclose a tax lien, the easements of those who made default in appearing in the action are not cut off by the judgment taken against them by such default, when it does not appear from the record that there was anything in the complaint to show such defendants that the plaintiff disputed or sought to bar their prior and superior easement of light, air and access over the property which it sought to sell in the action.

*Tax Lien Co.* v. *Schultze*, 161 App. Div. 693, reversed.

(Submitted June 5, 1914; decided November 10, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

# 10 TAX LIEN CO. v. SCHULTZE.

April 8, 1914, which reversed an order of Special Term granting a motion by the purchaser at a foreclosure sale to be relieved from his purchase and denying a motion to compel the said purchaser to complete his purchase.

The action was brought pursuant to sections 1035–1039 of the Greater New York charter (Laws of 1901, chapter 466, as amended by chapter 490 of the Laws of 1908 and chapter 65 of the Laws of 1911) to foreclose a tax lien upon premises described in the judgment as follows:

"Borough of the Bronx.

"New Description, Section 9.

"Block 2277, Lot 50.

"Location, East 132nd. Street, between Willis Avenue and Brown place; assessed to unknown owner; on the land and tax map, City of New York, Borough of Bronx."

Upon the sale pursuant to the judgment the appellant Wesley E. Barker bid the sum of $5,000 therefor and the property was struck off to him. He signed the terms of sale and paid $500 on account thereof. He subsequently refused to complete his purchase for the alleged reason that the premises are affected by easements of light, air and access in favor of adjoining owners which are not cut off by the foreclosure of the tax lien, and which said liens were in no way referred to by the terms of sale. The plaintiff so far as appears from the record does not deny that there were easements of light, air and access in favor of adjoining owners, but alleges that all of the adjoining owners were made parties defendant in the action to foreclose the tax lien and that some of them appeared in the action and others defaulted after being duly served with process and that the judgment in the action provides "That each and all of the defendants in the action who have been served with a summons and all persons claiming under them or any of them after the filing of the notice of pendency of action be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, easement and equity of redemption

in the premises affected by the said transfer of tax lien and each and every part thereof." The motions were made at the Special Term and were heard together, one by the plaintiff to compel the appellant Barker to complete his purchase, and one by the appellant Barker to be relieved from his purchase.

*Edward Miehling* for appellant. The foreclosure of a tax lien and the sale of premises pursuant to section 1035 of the Greater New York charter do not extinguish private easements of light, air and access of adjoining owners over the land sold. (*Jackson* v. *Smith*, 153 App. Div. 724; *Blenis* v. *Utica Knitting Co.*, 73 Misc. Rep. 61; 149 App. Div. 936; 210 N. Y. 35.)

*August Weymann* for respondent. If there were easements affecting the tax lot sold to the purchaser in favor of abutting owners or incumbrancers they were effectually cut off by the judgment of foreclosure and sale. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *Blakley* v. *Calder*, 15 N. Y. 617; 1 Black on Judgments, 245; *Driggers* v. *Cassidy*, 71 Ala. 529; Wiltsie on Mort. Fore. § 565.) The judgment of foreclosure and sale herein is binding not only as to questions actually litigated, but as to all questions which may have been litigated in the action. (*Jordan* v. *Van Epps*, 85 N. Y. 436; *Pray* v. *Hegeman*, 98 N. Y. 351; *Reich* v. *Cochran*, 151 N. Y. 127; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Goebel* v. *Iffla*, 111 N. Y. 170; *Matter of Landy*, 161 N. Y. 434; *Bloomer* v. *Sturges*, 58 N. Y. 168.)

CHASE, J. When an easement is carved out of one property for the benefit of another the market value of the servient estate is thereby lessened, and that of the dominant increased practically by just the value of the easement; the respective tenements should therefore be assessed accordingly. (*People ex rel. Poor* v. *Wells*, 139 App. Div. 83, 87; affd. on opinion below, 200 N. Y. 518. See *Blenis* v. *Utica Knitting Co.*, 73 Misc. Rep. 61; affd., 149 App. Div. 936; affd., 210 N. Y. 561; *Smith* v. *Mayor*,

*etc., of N. Y.* 68 N. Y. 552, 557; *People ex rel. Topping* v. *Purdy,* 143 App. Div. 389; affd., 202 N. Y. 550; *Matter of Hall,* 116 App. Div. 729; affd., 189 N. Y. 552.)

The assessment of the lot described in the judgment did not include the easements appurtenant to the adjoining real property. The assessment of the servient estate was subject to the easements included in the assessments of the dominant estate. As a necessary consequence it has been held that on the foreclosure of a tax lien and a sale of the premises pursuant to sections 1035–1039 of the Greater New York charter, private easements of light, air and access of adjoining owners over the land sold are not extinguished. If property rights which are excluded from an assessment are sold or extinguished by a tax sale, there would be a taking of property without due process of law. (*Jackson* v. *Smith,* 153 App. Div. 724; affd. on opinion below by decision handed down herewith, 213 N. Y. 630.)

The owners of the property adjoining the property described at the tax sale including the easements over the property so described were not necessary parties to the action to foreclose the tax lien. They were made parties to the action and the question now arises whether the easements of those who made default in appearing in the action are cut off by the judgment taken against them by such default.

We are not in this case considering the propriety of making a person who claims in hostility to a tax lien a party defendant in an action to foreclose such lien. The question before the court is as to the effect of making a person claiming an interest superior to a tax lien a party in a case where the propriety of making such a person a party defendant is not in any way presented in the action.

It is a general rule that a judgment is conclusive between the parties and their privies upon all matters embraced within the issues in the action which were or might have been litigated therein. It is immaterial

whether issues are joined by an answer to the complaint or tendered by the plaintiff and left unanswered. The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one rendered after contest. (*Goebel* v. *Iffla*, 111 N. Y. 170.) Was the question whether the defendants had easements in the property described that are superior to the tax lien an issue in the action? The answer to the question should be determined from the judgment roll.

The judgment roll was referred to in the notices of motion, but it is not a part of the record. In one of the affidavits upon which the plaintiff's motion is founded it is stated that certain defendants were named as such to cut off possible easements or rights of way. The statement, we assume, is that of the affiant and not a quotation from the complaint.

It is in one of the affidavits stated that the complaint alleges "That all of the defendants have or may have and the plaintiff believes that such defendants have or may have an interest in or claim upon the real property hereinafter described by way of lien, mortgage, devise, dower right, purchase, easement, operation of law, inheritance from or marriage with any of the above named defendants or otherwise."

It is not disputed that the defendants were the owners of easements appurtenant to adjoining lands. Such easements were acquired prior to the tax lien and were not subject to it.

If a plaintiff in any foreclosure action chooses to make a person who claims that he holds a lien upon or interest in the property sought to be foreclosed that is prior and superior to the claim of the plaintiff, a party defendant, either for the purpose of determining the amount of the claim and paying it from the proceeds of sale or of having the same declared to be subject and subordinate to his lien, such claim should be clearly stated in the complaint.

When a plaintiff so clearly states his claim in a com-

plaint the defendant must appear in the action and present his claim by appropriate pleading or pleadings, and if necessary by proof or suffer the ordinary consequences of a default.

If the plaintiff's claim is not so clearly stated in the complaint, but some general allegations are used therein to the effect that a claim is made by the defendant "as subsequent purchaser or encumbrancer or otherwise," it will not bar the defendant of rights that are superior and paramount to that of the plaintiff if he default therein. (*Lewis* v. *Smith,* 9 N. Y. 502; *Merchants' Bank* v. *Thomson,* 55 N. Y. 7; *Emigrant Industrial Savings Bank* v. *Goldman,* 75 N. Y. 127; *Goebel* v. *Iffla, supra; Nelson* v. *Brown,* 144 N. Y. 384; *Anderson* v. *McNeely,* 120 App. Div. 676; *Fern* v. *Osterhout,* 11 App. Div. 319; *Barker* v. *Burton,* 67 Barb. 458.)

Applying the rule stated to this case, it does not appear from the record that there was anything in the complaint to show the defendants that the plaintiff disputed or sought to bar their prior and superior easement of light, air and access over the property which it sought to sell in the action.

As the question of the defendants' having prior and superior easements to the tax lien was not tendered as an issue in the foreclosure action, the defendants are not bound by the judgment therein.

The easements over the real property bid off by the appellant at the foreclosure sale materially affected its value and he was not tendered a title to such real property that he was bound to accept.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in both courts.

Willard Bartlett, Ch. J., Werner, Hiscock, Hogan, Miller and Cardozo, JJ., concur.

Order reversed, etc.