SECOND NATIONAL BANK OF COOPERSTOWN, NEW YORK, Plaintiff, v. ALLAN CALVERT and Others, Defendants.

Supreme Court, Otsego County, July 21, 1934.

*James J. Byard, Jr.,* for the plaintiff.

*William T. Welden* [*Leo O. Coupe* of counsel], for defendants First National Bank of Richfield Springs, Frank Keller and Amy Keller.

McNAUGHT, J. The plaintiff seeks the foreclosure of two mortgages set forth in the complaint as two separate causes of action. The first cause of action is upon a mortgage dated May 18, 1928, executed by one James W. Pomeroy to Ethel Calvert and Allan Calvert, and duly assigned to the plaintiff on the 13th day of October, 1928. This mortgage was given originally for $10,000, and plaintiff alleges it has paid insurance premiums of $432, taxes of $675.71, and that there is unpaid of principal $9,678.

The second cause of action is upon a mortgage dated the 25th day of August, 1926, executed by the defendants Allan Calvert and Ethel Calvert to the First National Bank of Richfield Springs, and thereafter on the 16th day of October, 1928, duly assigned by the First National Bank of Richfield Springs to the plaintiff. This mortgage was given to secure the payment of the sum of $3,500, and plaintiff alleges that upon such mortgage there is unpaid the sum of $2,500.

The mortgages cover property known as the Lake House, adjacent to Canadarago lake in the county of Otsego. The mortgage executed by Pomeroy includes property lying on the west side of the public highway between such highway and Canadarago lake. The mortgage described in the second cause of action purports to cover two parcels of land, one on the west side of the public highway between such highway and the lake, being the same property described in the mortgage set forth in the first cause of action, and a second parcel on the east side of such public highway, containing about six acres of land, more or less.

The defendants Keller and First National Bank of Richfield Springs have interposed answers which in substance set forth that the second cause of action will not lie, upon the ground that mortgagors are not and never have been in possession; that the defendant Amy Keller has a title paramount to the mortgage to a portion of the second parcel described in the mortgage set forth in the second cause of action; that in the event the complaint is not dismissed as to such defendants, that the defendants Keller be permitted to pay in money the value of a triangular lot, title to which is in the defendant Amy Keller, being the sum of $100, and that such triangular parcel be released and relieved from the lien of the mortgage.

An action to foreclose a mortgage is an action in equity to collect the mortgage debt out of the land by a sale thereof, and the application of the proceeds to the discharge of the debt. The object is to cut off the equity of redemption and eliminate the rights and title to the premises and any liens thereon, of the person having title, persons in possession, or persons who have acquired liens upon the premises subsequent to the execution of the mortgage.

The purpose of a mortgage foreclosure action being to subject the estate of the mortgagor as it existed at the time of the execution of the mortgage to the payment of the mortgage debt, it is apparent that ordinarily the rights and interests in the land that are paramount to the mortgage cannot be affected by the action and cannot be litigated except by consent or by appropriate allegations in the complaint. (*Goebel* v. *Iffla*, 111 N. Y. 170.)

A plaintiff in a foreclosure action may make a senior mortgagee a party, have the amount secured by such mortgage ascertained and determined, and they may be paid out of the proceeds of the sale and their lien discharged, or the sale may be made subject to the known amount of their liens. (*Metropolitan Trust Co.* v. *Tonawanda, etc., R. R. Co.*, 43 Hun, 521; affd., 106 N. Y. 673; *Quinlan* v. *Olson Construction Co.*, 153 App. Div. 140; *Clark* v. *Fuller*, 136 Misc. 151.)

A prior incumbrancer may be made a party defendant, not only for the purpose of having the amount of his mortgage ascertained and determined and for the payment of his lien from the proceeds of the sale, but in the case of controversy and where necessary for a complete determination, such apparent or alleged prior incumbrancer may be made a party defendant and the rights and equities of the parties adjudicated. (*Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; motion for reargument denied, Id. 700; *Jasper* v. *Rozinski*, 228 id. 349; *McDermott* v. *Lawyers Mortgage Co.*, 232 id. 336; *330 Bleecker St. Corp.* v. *Mutual Tile Corp.*, 260 id. 258.)

In *Tax Lien Co.* v. *Schultze* (*supra*) the court (at pp. 13 and 14) enunciated the rule in the following language: " If a plaintiff in any foreclosure action chooses to make a person who claims that he holds a lien upon or interest in the property sought to be foreclosed that is prior and superior to the claim of the plaintiff, a party defendant, either for the purpose of determining the amount of the claim and paying it from the proceeds of sale or of having the same declared to be subject and subordinate to his lien, such claim should be clearly stated in the complaint.

" When a plaintiff so clearly states his claim in a complaint the defendant must appear in the action and present his claim by appropriate pleading or pleadings, and if necessary by proof or suffer the ordinary consequences of a default.

" If the plaintiff's claim is not so clearly stated in the complaint, but some general allegations are used therein to the effect that a claim is made by the defendant ' as subsequent purchaser or encumbrancer or otherwise,' it will not bar the defendant of rights that are superior and paramount to that of the plaintiff if he default therein. (*Lewis* v. *Smith*, 9 N. Y. 502; *Merchants' Bank* v. *Thomson*,

55 N. Y. 7; *Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y. 127; *Goebel* v. *Iffla, supra; Nelson* v. *Brown*, 144 N. Y. 384; *Anderson* v. *McNeely*, 120 App. Div. 676; *Fern* v. *Osterhout*, 11 App. Div. 319; *Barker* v. *Burton*, 67 Barb. 458.) "

In *Jasper* v. *Rozinski* (*supra*) the court (at pp. 356–358), in passing upon the effect of making a person who claims a lien or interest in property superior to a mortgage or other lien a party defendant in an action to foreclose such mortgage or lien, reiterated the doctrine enunciated in *Tax Lien Co.* v. *Schultze* (*supra*) and quoted extensively from the opinion in that case.

A general allegation to the effect that claim is made by the defendant to an interest in the premises sought to be foreclosed and such interest or claim is subsequent or subordinate to the lien of the mortgage, is insufficient to give jurisdiction to adjudicate a controversy where the claim is that the interest, lien or title is paramount to that of the mortgage. (*Tax Lien Co.* v. *Schultze, supra*, and cases cited.)

Parties to an action have a right to limit the issues to be tried to those properly made by the pleadings, but they are not bound so to do and may by mutual consent try other issues. (*Frear* v. *Sweet*, 118 N. Y. 454; *People ex rel. Village of Chateaugay* v. *Pub. Serv. Comm.*, 229 App. Div. 526, 530; *Friedman* v. *Isaacs*, 133 Misc. 435, 438.)

The complaint of plaintiff in the second cause of action fails entirely to state clearly the alleged claim of the defendants Keller to paramount title, but merely alleges in substance that such claims are subsequent and subordinate to the lien of the mortgage. Without such clear statement and allegation of the claims in the complaint, the defendants cannot by answer introduce such issue and compel its adjudication.

The claims could be determined in this action by consent. The answer of defendants and their attitude and testimony presented in their behalf upon the trial, clearly and sufficiently indicated their willingness and consent to have the issue adjudicated. The allegations of the complaint, the attitude of plaintiff upon the trial, the objections made by counsel for plaintiff, and the motion made at the close of the case by plaintiff's counsel, preclude any determination and clearly indicate plaintiff refuses and declines to litigate such claims in this action.

A judgment of foreclosure where only general allegations are used to the effect that the rights and claims of defendant are subsequent or subordinate to the mortgage, will not bar the defendant of rights that are superior and paramount to that of the plaintiff, even if he default in answering. (*Tax Lien Co.* v. *Schultze, supra*, and cases cited.)

We, therefore, conclude that the answer of the defendants appearing herein, by which they seek an adjudication relative to the title and respective rights as to the second parcel or a portion of the second parcel described in the mortgage set forth in the second cause of action, cannot be determined in this action. The paramount rights or title would not be affected by a judgment of foreclosure and sale.

It is provided by section 260 of the Real Property Law that "A grant of real property is absolutely void, if at the time of the delivery thereof, such property is in actual possession of a person claiming under a title adverse to that of the grantor; but such possession does not prevent the mortgaging of such property, and such mortgage, if duly recorded, binds the property from the time the possession thereof is recovered by the mortgagor or his representatives."

The answering defendants contend that the second cause of action as to the second parcel described in the mortgage therein set forth will not lie, because it has been established that the mortgagors Calvert were not in possession of such parcel at the time said mortgage was given and have never recovered possession thereof. Section 260 of the Real Property Law expressly declares a mortgage executed as therein specified is void until possession is recovered by the mortgagor. Consequently a suit to foreclose a mortgage given at a time when the mortgagor was not in actual possession and the property was held adversely cannot be maintained until such time as he has actually recovered possession. (*Pearce* v. *Moore,* 114 N. Y. 256; *Hopkins* v. *Baker,* 140 App. Div. 460; *Collins* v. *Buffalo, Lockport & Rochester R. Co.,* 145 id. 148; *Mackenzie* v. *Augimeri,* 210 id. 156.)

Whether the mortgagors Calvert were in possession of all or only of a portion of the second parcel of land described in the mortgage set forth in the second cause of action when such mortgage was given, and whether possession had been recovered prior to the commencement of this action, must be determined from the facts established upon the trial.

At the conclusion of the evidence each party was given the privilege of submitting as a part of the record a certified search or abstract made by the clerk of the county of Otsego. The plaintiff, after prolonged delay, has recently submitted such abstract. The defendants have not submitted an abstract, but have placed in evidence the deeds upon which their claims are based.

If the Calverts were not in possession when the mortgage was executed, have not recovered possession, and the whole or some portion of the parcel was held adversely, then section 260 of the Real Property Law would apply, that portion of the second parcel

described in the mortgage set forth in the second cause of action so held would not be bound and the mortgage would be void as to it until the mortgagors or their representatives recovered possession. The determination of this question requires some analysis of the evidence and a discussion of the chain of title.

That portion of the property involved in this action known as the Lake House property lies upon the westerly side of the highway, between the highway and Canadarago lake. The six-acre parcel lies upon the easterly side of the highway. The lands acquired by Clarence Tunnicliff, who was the grantor of Amy E. Keller, consisted of two parcels, one of one and fifty-four one-hundredths acres and one of two acres. Following these parcels separately we will endeavor from the evidence to follow the chain of title.

### LAKE HOUSE PROPERTY.

This portion of the property involved in this action consists of three acres, three roods and thirty-five and one-half rods of land. This parcel was conveyed by Mary A. Chamberlain to Addie U. Steele, by deed dated April 1, 1884, recorded in liber 198 of Deeds, at page 152. Addie U. Steele, the grantee, executed a purchase-money mortgage to Mary A. Chamberlain on the same date, April 1, 1884, which mortgage was recorded April 10, 1884, in liber 116 of Mortgages, at page 107.

April 17, 1908, Addie U. Steele and John E. Steele executed a mortgage upon the same premises to the First National Bank of Richfield Springs, which mortgage was recorded in liber 163 of Mortgages, at page 162, which mortgage was assigned by the bank to Charles Brown by an assignment dated December 20, 1910, recorded in liber 169 of Mortgages, at page 194.

Charles Brown, as executor of the last will and testament of Elma E. Brown, on October 27, 1910, commenced a foreclosure of the mortgage given by Addie U. Steele to Mary A. Chamberlain, making the First National Bank of Richfield Springs a party defendant. This foreclosure proceeded to judgment and the property was conveyed by Charles Bell, as referee, to Charles Brown, by deed dated January 26, 1911, recorded in liber 277 of Deeds, at page 591. (How title to the mortgage was obtained does not appear.)

March 22, 1911, Charles Brown executed a mortgage to Jennie A. Smith, as administratrix of John P. Smith, deceased, recorded in liber 169 of Mortgages, at page 443, which included the Lake House property and two other parcels. This mortgage was subsequently foreclosed by the mortgagee as administratrix, and the Lake House property by identical description was conveyed by Adam J. Smith, referee, to Henry Edick.

November 12, 1921, Elizabeth Edick, Florence Brennan and Evva Carroll, as the widow and sole heirs at law of Henry Edick, deceased, entered into an executory land contract with the defendant Amy E. Keller, agreeing to sell and convey to her property described therein, one parcel of which was the Lake House property.

December 26, 1924, the same parties executed a warranty deed to the defendant Amy E. Keller, which deed was recorded in liber 330 of Deeds, at page 335, which described the Lake House property.

Amy E. Keller and Frank F. Keller, her husband, conveyed to Ethel Calvert by deed dated August 3, 1926, recorded in liber 336 of Deeds, at page 276, such deed containing description of two parcels of land, one of which was the Lake House property.

Allan Calvert and Ethel Calvert, his wife, executed a mortgage upon the premises described in the deed received from Kellers to the First National Bank of Richfield Springs, which was dated August 25, 1926, recorded in liber 213 of Mortgages, at page 50.

This mortgage was assigned by the First National Bank of Richfield Springs to the plaintiff in this action October 16, 1928, recorded in liber 220 of Mortgages, at page 455, and is the mortgage set forth in the second cause of action.

Ethel Calvert and Allan Calvert conveyed to James W. Pomeroy, by deed dated May 18, 1928, recorded in liber 343 of Deeds, at page 99, such deed containing a description of the Lake House property only.

James W. Pomeroy and Helen M. Pomeroy, his wife, executed to the Calverts a mortgage upon such property, dated May 18, 1928, recorded in liber 218 of Mortgages, at page 455.

Such mortgage was assigned by the Calverts to the plaintiff in this action by an assignment dated October 13, 1928, recorded in liber 219 of Mortgages, at page 336, and is the mortgage set forth in the first cause of action.

### Six-Acre Parcel

Norman Getman, by an instrument dated April 1, 1898, leased to Addie U. Steele the six-acre parcel of land as described in the mortgage set forth in the second cause of action. This lease was recorded in liber 240 of Conveyances, at page 433.

April 29, 1910, Herbert H. Getman, as executor, etc., of Norman Getman, deceased, conveyed the parcel by executor's deed to Charles Brown, which deed was recorded in liber 276 of Deeds, at page 580.

Addie U. Steele, on January 21, 1911, executed to Charles Brown a quit-claim deed of such six-acre parcel, which was recorded in liber 277 of Deeds, at page 593.

On March 22, 1911, Charles Brown gave to Jennie A. Smith, as administratrix of John P. Smith, a mortgage, recorded in liber 169 of Mortgages, at page 443, which mortgage described three parcels of land; *first*, the Lake House property of three acres, three roods and thirty-five and one-half rods of land; *second*, the six-acre parcel; and *third*, a parcel of one and fifty-four one-hundredths acres.

On January 9, 1915, a *lis pendens*, with summons and complaint in an action brought by the mortgagee to foreclose such mortgage, was filed in Otsego county clerk's office. This action proceeded to judgment. Addie U. Steele and Louise E. Bunn, defendants named therein, appeared and requested by answer of the defendant Louise E. Bunn that, if foreclosure was adjudged, all of said premises not conveyed to such defendant Bunn be sold first, and that the premises conveyed to her be not sold unless a sale thereof should be necessary to satisfy a deficiency arising after the sale of the residue.

At the time the judgment of foreclosure and sale was granted Louise E. Bunn was the record owner of the one and fifty-four one-hundredths acre and the two-acre parcels. A provision was inserted in such foreclosure judgment by which it was apparently intended to provide the Bunn parcels should not be sold unless necessary to pay the mortgage debt.

It appears from the referee's report of sale, as certified by the clerk of the county of Otsego, and from the deed, that there was sold and conveyed by such referee two parcels of land; *first*, the Lake House property containing three acres, three roods and thirty-five and one-half rods of land; and *second*, the six-acre parcel, both being sold and conveyed to Henry Edick. The third parcel of land included in such mortgage by Brown to Smith and described as containing one and fifty-four one-hundredths acres of land, was not sold or conveyed by the referee.

The foregoing statements trace the title of both the Lake House property and the six-acre parcel into Henry Edick, and the subsequent transfers thereof are indicated.

ONE AND FIFTY-FOUR ONE-HUNDREDTHS ACRE PARCEL.

The one and fifty-four one-hundredths acre parcel first appears in the record in this case in the mortgage given by Charles Brown to Jennie A. Smith, as administratrix of John P. Smith. This mortgage was executed March 22, 1911.

On May 22, 1913, Charles Brown conveyed such parcel to Addie U. Steele by deed recorded in liber 290 of Deeds, at page 169, and the premises are referred to therein as being a part of premises described in a deed from Adelbert E. Talmadge, as sheriff, to Olcott A. Chamberlain, and the same premises described in a statutory fore-

closure by Charles Brown against Charles Steele, Martha Steele and others, affidavits in foreclosure being recorded in Otsego county clerk's office May 6, 1909, in book of Deeds 272, at page 383.

This parcel was included in the chain of deeds in evidence; Addie U. Steele to Louise E. Bunn, dated October 6, 1914; Louise E. Bunn to William T. Welden, dated April 17, 1917; William T. Welden and wife to Mary Tunnicliff, dated November 26, 1917; Mary Tunnicliff to Clarence W. Tunnicliff, dated March 25, 1921, Clarence Tunnicliff being the record owner thereof, and according to the evidence in occupation when this action was commenced and at the time of the trial.

It clearly appears from the evidence and the record that the one and fifty-four one-hundredths acre parcel is not included in either of the mortgages sought to be foreclosed, and that it was excepted and not sold when Henry Edick acquired title from Adam J. Smith as referee.

TWO-ACRE PARCEL.

Charles Brown, by deed dated May 22, 1913, recorded October 14, 1914, in liber 290 of Deeds, at page 168, conveyed to Addie U. Steele a triangular piece of land on the east side of the highway, running along the east side of Canadarago lake, and being a portion of the land conveyed to Charles Brown by H. H. Getman, as executor of the last will and testament of Norman Getman, by deed dated April 29, 1910, recorded in book of Deeds 276, at page 580. This conveyance unquestionably establishes that the two-acre parcel so conveyed was a portion of the six-acre parcel. The two-acre parcel was included and described in the deeds which conveyed also the one and fifty-four one-hundredths acre parcel through the same chain, viz., Addie U. Steele to Louise E. Bunn; Louise E. Bunn to William T. Welden; William T. Welden and wife to Mary Tunnicliff, and Mary Tunnicliff to Clarence W. Tunnicliff.

On July 12, 1929, Clarence Tunnicliff, unmarried, by deed recorded in liber 351 of Deeds, at page 391, conveyed to the defendant Amy E. Keller a lot upon which the defendant Keller has erected a residence and now resides.

It is undisputed that the land so conveyed is upon the easterly side of the public highway. It is satisfactorily established by the record and evidence in this case that such land was a portion originally of the six-acre parcel described in the mortgage set forth in the second cause of action.

It, therefore, appears that Brown, while holding the title subsequent to the execution of the mortgage to Smith, sold the two-acre parcel out of the six acres to Addie U. Steele, and by mesne

.conveyances thereafter the defendant Amy E. Keller is now the owner of a portion thereof as described in the deed to her from Clarence Tunnicliff.

The evidence fully warrants the conclusion that from some time after the execution of the deed from Welden to Tunnicliff, and at all times subsequent to the execution of the deed from Mary Tunnicliff to Clarence W. Tunnicliff, this parcel of land was in the open, notorious and undisputed possession of Tunnicliff; was occupied, used and worked by Tunnicliff; that the operator of the Lake House property compensated Tunnicliff for the use of some of the land for garden purposes, and that Tunnicliff exercised openly all the rights of an owner and occupied the same under a claim of title by a conveyance duly recorded.

Such was the condition relative to that portion of the two-acre parcel now held by the defendant Amy E. Keller under the conveyance from Tunnicliff when the mortgage set forth in the second cause of action was executed. Such condition continued to exist to the time of the commencement of this action.

Upon such facts and under such circumstances, it is manifest the provisions of section 260 of the Real Property Law apply and the mortgage is void as to such parcel, because it was in actual possession of a person claiming title adverse to that of the mortgagee and does not inure to the benefit of the mortgagee until the possession thereof is recovered by the mortgagor or his representatives.

The plaintiff, therefore, is clearly not entitled to a judgment of foreclosure and sale directing the sale of that portion of the second parcel described in the mortgage set forth in the second cause of action which was conveyed by Clarence Tunnicliff to the defendant Amy E. Keller.

This determination is in no way conclusive as between the parties as to title. We are not determining whether the defendant Amy E. Keller, having conveyed the entire six-acre parcel in question to the Calverts, can now be heard to impeach the title she granted. We are not determining whether the description of such six-acre parcel in its entirety was inserted in the conveyance from the widow and heirs at law of Henry Edick to the Kellers, or in the deed from Adam J. Smith as referee to Henry Edick, inadvertently, by mistake, or fraud. We are not determining whether the two-acre parcel was inadvertently omitted from the excepted portion as described in the judgment of foreclosure and sale in the action of Smith against Brown and others. We are not determining the sufficiency of the title of Tunnicliff as predecessor on the east side of the public highway of the defendant Amy E. Keller.

We hold as follows:

*First,* that the allegations of the complaint being insufficient to warrant litigation as to title, and consent not having been given by all of the parties, the court is precluded from determining the controversy as to the title.

*Second,* that the evidence fairly and clearly establishing that the lands on the east side of the highway were in part, at least as to the two-acre parcel, and that portion of the two-acre parcel now held by the defendant Amy E. Keller under conveyance from Clarence Tunnicliff, held under a record claim of title in open, actual and notorious adverse possession, that the provisions of section 260 of the Real Property Law apply and plaintiff is not entitled at this time to a sale of such parcel, or to have the same included in the judgment of foreclosure and sale.

Plaintiff is entitled to a judgment of foreclosure and sale directing the sale of the property described in each of the mortgages set forth in the complaint, including the water rights therein specified, excepting, reserving and excluding therefrom the lands described in the deed from Clarence Tunnicliff, unmarried, to Amy E. Keller, dated the 12th day of July, 1929, recorded in Otsego county clerk's office on the 12th day of December, 1929, in book 351 of Deeds, at page 391, and which lands are described as follows: "All that Tract, Piece or Parcel of Land, situate in the Town of Richfield, County of Otsego, and State of New York, bounded and described as follows: Beginning at a point in the center of the highway leading from Derthick's farm to the highway leading from Richfield Springs to Schuyler Lake where same joins; thence in northerly direction along said highway 400 ft. to an iron pin and party of the first part's land; thence in southeasterly direction 150 ft. to the said first mentioned highway; thence southwesterly along said first mentioned highway to the place of beginning.

" It being understood party of the first part is conveying a triangular piece of land located between said Derthick's highway and said Richfield Springs highway, subject, however to the Right of Way of the Southern New York Railway Company's land along westerly side of said triangle.

" There is also conveyed together with the above described premises an easement or right of way to cross party of the first part's premises to tap water pipe leading from a spring on the Borden Farm, east of said party of the first part's land."

The court finds as a matter of fact that the lands so described were a part of the two-acre parcel hereinbefore referred to, and that said two-acre parcel was a part of the six-acre parcel hereinbefore referred to.

The complaint as to the lands so conveyed by Tunnicliff to Keller is dismissed.

The judgment to be entered herein will provide that the mortgage executed by Ethel Calvert and Allan Calvert to the First National Bank of Richfield Springs, and assigned by such bank to the plaintiff, shall remain of record as to the parcel of land described in the deed from Tunnicliff to Keller hereinbefore set forth, and that the judgment herein shall not affect any of the rights, title or interest of any of the parties to this action therein.

The rights, title and interest of the parties in and to the excepted lands and their relative rights in relation thereto are remitted to be adjudicated in such manner and at such time as the parties may be advised.

A referee will be appointed to compute the amount due plaintiff, or, if the parties so desire, the matter may be brought before the court and will be computed by the court at the Otsego Special Term to be held at the Oneonta City Court room in the city of Oneonta, N. Y., on Saturday, the 28th day of July, 1934, at ten o'clock in the forenoon.

The plaintiff will be allowed taxable costs and disbursements, plus an additional allowance of two per cent.

The defendants Keller and First National Bank of Richfield Springs will be allowed one bill of taxable costs, together with an additional allowance of two per cent upon the amount found to be due the plaintiff upon the mortgage set forth in the second cause of action.

Submit findings and judgment accordingly at the Otsego Special Term as above specified.