DOT MORT HOLDING CORPORATION, Plaintiff, *v.* LARPEG REALTY CORPORATION, Defendant.

Supreme Court, Westchester County, February 9, 1938.

*Leon P. Falk*, for the plaintiff.

*Rubin & Rubin*, for the defendant.

NOLAN, J. The defendant, Larpeg Realty Corporation, moves to vacate the report of the referee appointed to compute the amount due plaintiff and said defendant, in an action to foreclose a tax lien. This defendant is the record owner of the premises under foreclosure, having taken title by the deed of a referee appointed in an action to foreclose a tax lien prior to that of the plaintiff in this action. In the action to foreclose the prior lien, however, the present plaintiff, a junior lienor, and a necessary defendant, was not joined

as a party. The defendant, Larpeg Realty Corporation, when it purchased on that foreclosure, became as to the present plaintiff the assignee of a prior tax lien in possession, and its position was the same as that of a mortgagee in possession. (*Moulton* v. *Cornish*, 138 N. Y. 133.) The defendant contends that, since it was in possession under a lien prior to that of the plaintiff, it was not a proper party defendant, and that the order appointing the referee to compute and the computation by the referee do not affect its rights in the premises. Rights or interests in land paramount to the lien under foreclosure cannot be affected by the action and cannot be litigated except by consent or by appropriate allegations in the complaint. (*Goebel* v. *Iffla*, 111 N. Y. 170.) A plaintiff in a foreclosure action, however, may make a senior mortgagee a party, and may have the amount secured by such mortgage determined and paid out of the proceeds of the sale, and the lien of the prior incumbrance discharged, provided such claim is clearly set forth in the complaint. (*Second National Bank of Cooperstown* v. *Calvert*, 152 Misc. 884; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9.)

The complaint in the present action clearly sets forth such a claim as against the defendant, Larpeg Realty Corporation. When such a claim is made in a complaint, the defendant must appear in the action and present his claim by appropriate pleading, and, if necessary, by proof, or suffer the ordinary consequences of a default. (*Tax Lien Co.* v. *Schultze, supra.*) The moving defendant appeared in the action, but, although served with a copy of the order of reference, and a notice of the hearing before the referee, did not appear upon the hearing, and evidence was received as to the amount of its lien, upon its default. The evidence upon this inquiry, however, was the hearsay statement of the president of the plaintiff, and clearly incompetent. Had legal evidence been offered, the defendant would have had no cause to complain of an erroneous finding. Since such evidence was not offered, the default of the defendant will be opened, on payment of ten dollars costs, the motion granted as to that portion of the referee's report which purports to determine the amount of the lien of the defendant, Larpeg Realty Corporation, and the matter remitted to the referee for further inquiry and report as to such lien. Settle order on notice.