Milton M. Wecht, J.
Plaintiff moves herein for summary judgment in this action to foreclose her tax lien. Defendants interpose their answer, generally denying the allegations of plaintiff’s complaint and setting forth the defense of the Statute of Limitations. For a second, separate defense and counterclaim, the defendant, Elizabeth Carlucei, alleges an action to foreclose her. tax lien affecting the same premises.
It is conceded by the plaintiff herein that her lien is subordinate to the lien of the defendant Carlucei. However, it is plaintiff’s contention that as a junior lienor she has the right to be subrogated in the place of the senior encumbrancer, upon *592 payment of the latter’s lien. The plaintiff’s position is well taken. It has been held that in the interests of justice and equity a junior encumbrancer in a foreclosure action (foreclosure of tax liens are regulated by the provisions of the Civil Practice Act and all other provisions of law applicable to actions to foreclose mortgages on real property [New York City Administrative Code, § 415(l)-39.0]) may make a senior encumbrancer a party and have the amount secured by the senior lienor determined and paid and the lien of the prior encumbrancer discharged provided such claim is clearly set up in the complaint. (Dot Mort Holding Corp. v. Larpeg Realty Corp., 167 Misc. 242; Twombly v. Cassidy, 82 N. Y. 155.) Plaintiff’s claim is clearly set forth in her complaint.
The general denials in defendants’ answer present no issues in view of the provisions of section 415 (l)-40.0 of the New York City Administrative Code relating to the presumption of regularity in the absence of affirmative proof offered by the opposing defendants to overcome such presumption established by the record. (Hyman v. Fischer, 184 Misc. 90; Welsh v. Wootton, 194 Misc. 921.)
The first and separate defense of the Statute of Limitations set forth by the defendants is hereby stricken, the Court of Appeals having clearly stated its position on this question in the recent ease of L. K. Land Corp. v. Gordon (1 N Y 2d 465, 471) stating: “ But it is clear to us that the provisions of the New York City Charter and its Administrative Code, that the lien of a real estate tax continues until paid, are specific pronouncements which were not intended to be overriden by general, state-wide statutes of limitation.”
Defendant Carlucci’s counterclaim is likewise dismissed, the court having determined herein that the plaintiff may foreclose her lien upon payment of the said defendant’s lien. Furthermore, defendant Carlucci has slept on her rights.
The defendants’ denial of the assignment of the transfer of tax lien to the plaintiff herein is not well taken since defendants have not established affirmatively that the assignment to the plaintiff is in any way irrégular (New York City Administrative Code, § 415 [1] — 40.0; Jamestead Realty Corp. v. Cohen, N. Y. L. J., Feb. 3, 1949, p. 433, col. 2). Furthermore, the photostatic copy of the assignment herein, attached to plaintiff’s moving papers, sufficiently shows that an assignment to the plaintiff was made.
Thus, no issues are presented by the papers herein. The only matter to be disposed of is the amount to be paid by the plaintiff to the defendant, Elizabeth Carlucci. The plaintiff in her reply *593 affidavit concedes that the defendant Carlucci is entitled to tax payments made by her in addition to the amount of the tax lien plus interest due.
Accordingly, plaintiff’s motion is hereby granted upon condition that plaintiff pay to the defendant, Elizabeth Carlucci, the amount of her lien plus interest, plus the amount paid by Carlucci towards the subsequent payment of taxes. The parties herein may agree between them as to the amount due; upon the failure of the parties to so agree, the question as to the amount due the defendant Carlucci is hereby referred to an Official Referee to hear and determine if the parties so stipulate, otherwise to hear and report.
Settle order on notice.